# EXHIBIT A

83 Mass.App.Ct. 1130
Unpublished Disposition
NOTE: THIS OPINION WILL NOT APPEAR IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.
NOTICE: Decisions issued by the Appeals Court pursuant to its rule 1:28 are primarily addressed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, rule 1:28 decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28, issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.
Appeals Court of Massachusetts.

Robert E. SAVILL, Jr.
v.
PORT NORFOLK YACHT CLUB, INC., & others. [1]

No. 12–P–565.
|
May 13, 2013.

By the Court (MEADE, MILKEY & HANLON, JJ.).

### MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

**\*1** At the opening night dinner at the Port Norfolk Yacht Club (club) in the Dorchester area of Boston on May 17, 2008, a fight broke out between two of the club's officers: plaintiff Robert E. Savill, Jr.; and defendant Lawrence F. Pacino, Jr. After conducting an investigation, the club's board of trustees (board) charged both men with conduct unbecoming an officer and various other infractions. At a hearing held on August 7, 2008, the board considered the radically different versions of the physical altercation recounted by the two men. Savill pleaded guilty to conduct unbecoming an officer while contesting that he had threatened to burn down Pacino's home with Pacino and his family inside it. Apparently not crediting Savill's version of the events, the board found him guilty of having made threats to Pacino, while acquitting Pacino of all charges. The board also voted five to two to expel Savill from the club; Savill brought a multicount complaint challenging his expulsion. A Superior Court judge issued a summary judgment ruling largely in the defendants' favor and entered a separate and final judgment pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974). [2] On Savill's appeal, we affirm. [3] As an initial matter, we note that judicial review of membership decisions made by private clubs is limited. As the Supreme Judicial Court stated almost one century ago:

> "The courts do not investigate the question whether the decision was right or wrong, but go no further than to ascertain whether the essential formalities required by the constitution and by-laws of the association have been complied with, whether the proceedings have been regular, whether the cause assigned is one sufficient in law to warrant expulsion, whether the member has been given a fair chance to present his side of the controversy so as to satisfy the requirements of natural justice, whether the decision is within the scope of the jurisdiction and whether it has been reached in good faith, and whether the action appears to have been within an exercise of sound reason or to have been capricious, arbitrary and irrational."

*Richards v. Morison,* 229 Mass. 458, 461 (1918). Savill is unable to point to any improprieties that call the board's decision into question. For example, Savill presented no evidence that the board failed to comply with the key provision in the club's by-laws that provides:

> "Before a member may be suspended or expelled for cause, he will be given written notice of the proceedings containing written specific charges. He will be given at least fourteen (14) days to prepare a defense and he will be given a full and fair hearing before the Board of Trustees."

Savill's lead contention is that the board could expel him only through a two-thirds vote. [4] This is a curious argument in that Savill's expulsion was approved by more than a two-thirds vote. [5] In any event, his argument fails on the merits. Nothing in the sections of the by-laws dealing with expulsion requires a two-thirds vote, and a review of the club's by-laws and rules and regulations shows that where a two-thirds vote was required, it was so indicated. Moreover, other materials in the record confirm that at the time of the hearing in question only a vote of a majority of the board was required for

termination of membership. For example, the minutes of the April 22, 2008, board meeting show that a different member was terminated "by a majority vote."

***2** Savill argues that a different section of the by-laws required the board to follow Robert's Rules of Order and that this in turn required a two-thirds vote for expulsion from a membership organization. This argument fails for at least two reasons. First, Savill has not demonstrated that the use of Robert's Rules of Order is mandated by the by-law language on which he relies. [6] Second, as the motion judge noted, "Notwithstanding reliance on Robert's Rules of Order, the plaintiff has not included a copy of at least the relevant sections from the Rules in this summary judgment record." [7]

Finally, Savill argues that one of his attorneys was ineffective in preparation and presentation of the summary judgment motion. This argument fails for the reason, if no other, that an ineffective assistance of counsel claim is inapplicable to this civil action. [8] See *Commonwealth v. Patton,* 458 Mass. 119, 124 (2010).

*Judgment entered February 7, 2012, affirmed.*

**All Citations**

83 Mass.App.Ct. 1130, 987 N.E.2d 618 (Table), 2013 WL 1942218

---

**Footnotes**

1   Lawrence F. Pacino, Jr.; William L. Shalit; Grace H. Swierk; Matthew J. Hendrickson; William Ellis; John Casey; William T. Morrissey; and Frank E. Sillers.

2   The only remaining claim is assault and battery against Pacino.

3   We have chosen to address the merits despite the fact that Savill has failed to comply with applicable appellate rules in multiple respects. See *Cameron v. Carelli,* 39 Mass.App.Ct. 81, 83–84 (1995).

4   Savill separately argues that he improperly was removed from his position as rear commodore as a vote of two-thirds of the membership body was required for such removal. This argument fails for any number of reasons, including the fact that it is made for the first time on appeal and the fact that Savill lost his position as rear commodore by virtue of his expulsion from the club as a member.

5   Savill argued below that two nonvoting members of the board improperly were compelled to recuse themselves (which could have made the vote five to four against him if these two members had voted in his favor). However, Savill has not revived this argument on appeal, at least not in a manner that constitutes proper appellate argument. See *Cameron v. Carelli,* 39 Mass.App.Ct. 81, 85–86 (1995). In any event, for the reasons set forth in the text, there is no merit to Savill's argument that a supermajority was required.

6   Section 4 of article XIII (rules of order) of the by-laws, cited by Savill, by its very language applies only to "disputed questions of order and debates" that have not otherwise been provided for in the by-laws, and its use, while "authorized" in such circumstances, is not mandated.

7   In addition, the record reveals that while a by-law amendment to incorporate a two-thirds vote for termination of members eventually was proposed, this came months after the board vote in this case. The fate of that proposed by-law is not clear.

8   We express no view of the attorney's performance.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.