# EXHIBIT D

65 Mass.App.Ct. 1123
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
Appeals Court of Massachusetts.

Douglas A. CUTLER, trustee, [1]
v.
FLAGSHIP BANK & TRUST COMPANY.

No. 04-P-1618.
|
March 16, 2006.

*MEMORANDUM AND ORDER*
*PURSUANT TO RULE 1:28*

**\*1** The plaintiff, Douglas A. Cutler, trustee of Day Building Joint Venture Trust (trust), appeals from the judgment entered in favor of the defendant, Flagship Bank & Trust Company (bank), on the trust's claim to recover its build-out and restoration costs for premises it leased to the bank. Following a jury-waived trial, a Superior Court judge ruled that the bank, upon vacating the premises at the end of the lease term, had performed in accordance with its obligations under the parties' October 7, 1988, lease and that no separate agreement required more.

For background, we refer to the judge's findings of fact in his April 12, 2004, "Findings of Fact, Rulings of Law and Order for Judgment" (A.83), which were supported by the evidence at trial and which we do not repeat here. The trust seeks compensation both for the build-out costs, incurred in preparing the premises for the bank's occupancy, and the costs of restoring the premises to their original condition after the bank vacated the premises. The judge ruled that under the plain language of the lease (A.640-641), the bank was not required to undo improvements made to the premises by the trust. The judge also rejected the trust's claim for negligent misrepresentation based on the bank's alleged promise to remain beyond the lease term (A.768-769), and rejected the trust's claim of an implied agreement requiring the bank to pay for the build-out costs pursuant to theories of promissory estoppel and quantum meruit.

Substantially for the reasons stated by the judge in his decision, we affirm. His determination that the bank was not responsible for the balance of the build-out costs, or for the costs of restoring the premises at the end of the ten-year lease term, was fully supported in the evidence and the applicable law.

The trust's arguments under theories of promissory estoppel and negligent misrepresentation fail, if for no other reason than lack of proof that its reliance was reasonable. The lease plainly provided for a ten-year lease term (A.631; 633), with merely the option to renew (A.652), and contained no further payment obligations for build-out costs beyond that point. The trust's reliance on the bank's prior statements that the bank did not envision relocating after the lease term ended was not reasonable once the final version of the lease was executed many months later. See, e.g., *Rhode Island Hosp. Trust Natl. Bank v. Varadian,* 419 Mass. 841, 849-850 (1995). This is all the more true where the lease expressly provided, in section 8.03, that the lease "supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the Premises and contains all of the covenants, agreements, and other obligations between the said parties with respect to the Premises." (A.649). Absent fraud or other intentional misconduct, that provision was fully enforceable in these circumstances. See *Sound Techniques, Inc. v. Hoffman,* 50 Mass.App.Ct. 425, 433-434 (2000). See also *McEvoy Travel Bureau, Inc. v. Norton Co.,* 408 Mass. 704, 713 (1990), citing *Plumer v. Luce,* 310 Mass. 789 (1942) (no reasonable reliance on negligent misrepresentation where the plaintiff signed a contract that varied significantly from the defendant's prior oral statements regarding its terms).[2]

**\*2** Nor does the record support the trust's insistence that a separate, side agreement should be implied, under principles of quantum meruit and unjust enrichment, that would require the bank to pay the build-out costs that remained at the end of the lease term. There is no right to quantum meruit recovery when a contract exists that covers the parties' obligations concerning the same subject matter. *Boswell v. Zephyr Lines, Inc.,* 414 Mass. 241, 250 (1993). The judge found that a lease term that would require the bank to pay the unamortized build-out costs if it vacated at the end of ten years was proposed and rejected during the lease negotiations. (A.85-86; 222). Hence, the judge reasonably concluded that the bank's obligations on that subject were encompassed within the four corners of the lease, as finally executed. The evidence did not support the trust's contention that the lease's silence on the subject of unpaid build-out costs indicated that

the parties had failed to address the issue, thereby permitting the obligation to be implied. See *Kennedy v. B.A. Gardetto, Inc.,* 306 Mass. 212, 217 (1940) (the test is "whether it can be fairly presumed, from that which is expressly stipulated, that the matter sought to be excluded was present to the minds of the parties when the agreement was entered into").

Finally, the trust urges that the judge erred in not ruling in its favor on its claim under G.L. c. 93A. The trust's reliance on *McEvoy Travel Bureau, Inc. v. Norton Co.,* 408 Mass. at 714, is not persuasive, as in that case a fraud verdict provided the basis for the judge's finding of unfair and deceptive practices under the statute. Here, the judge found no breach of contract and no misrepresentation on the bank's part; as such, the trust's c. 93A claim, based on the same underlying events, was properly dismissed as well. See generally *Cantell v. Hill Holliday Connors Cosmopulos, Inc.,* 55 Mass.App.Ct. 550, 556 (2002).

*Judgment affirmed.*

**All Citations**

65 Mass.App.Ct. 1123, 843 N.E.2d 1118 (Table), 2006 WL 664202

---

**Footnotes**

1     Of Day Building Joint Venture Trust.

2     We therefore do not reach the issue of whether the bank's representation was unenforceable for reasons of public policy.

---

End of Document     © 2025 Thomson Reuters. No claim to original U.S. Government Works.