UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGEN HORCHOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-11008 |
| v. ) | |
| ) | |
| THE WESTMOOR CLUB, LLC, ) | **LEAVE TO FILE GRANTED ON** |
| ) | **JULY 15, 2025** |
| Defendant. ) | |
| ) | |

**REPLY IN FURTHER SUPPORT OF
THE WESTMOOR CLUB, LLC'S MOTION TO DISMISS**

                               **THE WESTMOOR CLUB, LLC**

                               By its attorneys,

                               */s/ Tyler E. Chapman*
                               Tyler E. Chapman (BBO # 637852)
                               Meghan E. Huggan (BBO # 708122)
                               TODD & WELD LLP
                               One Federal Street, 27th Floor
                               Boston, MA 02110
                               (617) 720-2626
                               tchapman@toddweld.com
                               mhuggan@toddweld.com

Dated: July 25, 2025

Ms. Horchow's opposition to the Club's motion to dismiss further reinforces why this Court should dismiss her Complaint. Specifically, her opposition confirms that her claims in this case center on two sets of factual circumstances, neither of which amounts to a viable claim as a matter of law. Try as she might, Ms. Horchow cannot avoid the fact that her claim is nothing more than an improper challenge to the Club's decision to expel her. She also contends that the Club breached its contract with her by treating her ex-husband (and not her) as the member, but she does not dispute that the Club expelled both her and her ex-husband and she claims no damages from the supposed pre-expulsion differential treatment. In addition, Ms. Horchow has not credibly disputed that her ex-husband (who claims to have owned the same membership to which Ms. Horchow lays claim) is an indispensable party here. Therefore, the Court should dismiss this case based upon the following additional reasons below as confirmed in Ms. Horchow's opposition.

1. **Ms. Horchow's Opposition Confirms That She Is Challenging The Club's Reasons For Expelling Her, Which Is Not A Valid Claim**

Ms. Horchow's opposition confirms that her claims concerning her expulsion from the Club are really just requests that this Court review the Club's substantive reasons for expelling her. While Ms. Horchow's opposition amplifies the rhetoric she uses to describe her expulsion, these conclusory characterizations (*e.g.*, that the Club's expulsion "was motivated by bad faith") are not factual allegations that this Court must accept as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). More critically, all the facts underlying these characterizations solely concern her claim that the Club was wrong to expel her for involving the Club in her ongoing dispute with her husband. This type of substantive challenge to a private association's decision fails to state a claim as a matter of law. See, e.g., Savill v. Fort Norfolk Yacht Club, Inc., 83 Mass. App. Ct. 1130 (2013) (Rule 1:28 decision).

Notably, Ms. Horchow does not dispute that, in agreeing to become a member, she agreed to be bound by the Club's disciplinary decisions and agreed that the Club could discipline her for

1

conduct that the Club, in its sole discretion, deems inappropriate. See Complaint Ex. 2 at p. 14-15 (the Membership Plan) ("Any Member whose conduct shall be deemed by the Club, in its sole judgment, to be improper or likely to endanger the safety, harmony or good reputation of the Club or of its members, may be . . . expelled from the Club . . . . The Club reserves the right to discipline a Member. . . for any other cause deemed sufficient by the Club"). The Club decided to expel her (and her ex-husband) because she embroiled the Club (*via* the Texas Litigation and otherwise) in her highly contentious battle with her ex-husband over who owned the Club membership – a dispute that continues to this day, many years after a court finalized their divorce.

While Ms. Horchow speciously suggests that the Club has a "myriad of shifting reasons" for expelling her (and her ex-spouse), see Opposition at 2, there has always been a single, consistent reason. That reason is that Ms. Horchow and Dr. Fearon directly put the Club in the middle of their recriminatory fight over which of them was the true Club member. As stated in the Club's Appeal Committee Letter (attached as Exhibit B to the Club's memorandum in support of its motion), and as Ms. Horchow does not dispute, Ms. Horchow and Dr. Fearon failed to inform the Club of their divorce for nearly two years and continued to use the Club as if they were still married. See Exhibit B to the Club's memorandum of law. Not only did this violate the Membership Plan – which states that, following a divorce, only one spouse may continue as the member – it directly led to Ms. Horchow and Dr. Fearon involving the Club in their ongoing dispute, including by suing the Club in a foreign jurisdiction. See id. This dispute is still unresolved. See Complaint ¶ 57.

Ms. Horchow does not dispute any of these subsidiary facts, so she can hardly claim that the Club advanced the reason for her expulsion in bad faith. Regardless, her substantive challenge to the Club's expulsion decision is impermissible. See Casey, 2007 WL 5578210, at *4 (Motion to Dismiss, Exhibit C) ("Passing on the wisdom and the substance of the Board's underlying findings

2

falls outside of this Court's purview"). Likewise, the Complaint fails to question any aspect of the procedures the Club followed to expel Ms. Horchow. See Casey, 2007 WL 5578210, at *3 ("[T]he court must apply notions of fairness, good faith, and natural justice to the *procedures* followed by the club, but not the *substance* of its decision"); see also id., at *5 ("The implied covenant of good faith and fair dealing does not give this Court the right to invade the inner workings of private associations"); Eustace, 240 Mass. at 84-85 (differing disciplinary treatment of members does not support a conclusion of unfair practices).

No matter how she tries to frame it, Ms. Horchow's claim before this Court is simply that the Club should not have expelled her for forcing the Club into the middle of her ongoing battle with her ex-husband. This is not a valid claim as a matter of law, so this Court should dismiss it. See Savill v. Fort Norfolk Yacht Club, Inc., 83 Mass. App. Ct. 1130 (2013) (Rule 1:28 decision) ("The courts do not investigate the question of whether the [club's expulsion] decision was right or wrong") (quoting Richards v. Morison, 229 Mass. 458, 461 (1918)).

### 2. Ms. Horchow Does Not Dispute That She Suffered No Damages From The Club's Alleged Preferential Treatment For Her Ex-Husband

Ms. Horchow's opposition reiterates her Complaint's allegations to the effect that she believes the Club treated her ex-spouse, Dr. Fearon, more favorably than it treated her – considering him to be the member, improperly transferring the membership from her to him, and "unsuspending" him (but not her) after their Club membership was suspended. See Opposition at 2. Ms. Horchow still has not and cannot identify any damage arising from these supposed actions. See Complaint ¶¶ 65-68. Ms. Horchow does not dispute this. Therefore, the Club's treatment of Ms. Horchow and Dr. Fearon prior to their expulsion is irrelevant, so the Court should dismiss claims relating to these allegations. See Bos. Bit Labs, Inc. v. Baker, 11 F.4th 3, 8 (1st Cir. 2021).

### 3. Ms. Horchow Does Credibly Contest That Dr. Fearon Is A Necessary Party

Ms. Horchow gainsays that Dr. Fearon is a necessary party, but in doing so she confirms

Dr. Fearon's indispensability to this case. Ms. Horchow does not dispute that Dr. Fearon claims entitlement to the same Club membership that she insists is hers. That is why she sued him in the Texas Litigation. Rather than litigating that case to a conclusion, Ms. Horchow and Dr. Fearon reached a settlement that left open their membership dispute and allowed each of them to pursue claims against the Club separately. See Complaint ¶ 57. In other words, there is another party who continues to claim that the now-terminated membership did not even belong to Ms. Horchow. This Court plainly cannot resolve this case without Dr. Fearon.

While Ms. Horchow claims under Fed. R. Civ. P. 12(b)(4) that she has no other venue in which to seek relief, this is obviously untrue. As Ms. Horchow freely acknowledges, she already availed herself of such a venue by filing the Texas Litigation against Dr. Fearon and the Club. See Complaint ¶¶ 52-53. Ms. Horchow made her own decision to settle that litigation without resolving the membership dispute with her ex-husband and the Club, so she cannot now complain that dismissal of this case deprives her of a venue.

Federal Rule of Civil Procedure 19 ("Rule 19") provides for "the dismissal of suits when the joinder of a required party is not feasible and that party is indispensable." Jay v. Bean, No. 24-CV-11937-AK, 2025 WL 318293, at *3 (D. Mass. Jan. 28, 2025) (internal citation omitted). It is "'well-settled'" in Massachusetts that "'a party to a contract which is the subject of the litigation is a necessary party.' [ ] Put simply, in actions involving breach of contract [ ], all parties to the contract(s) must be joined." Id., quoting Downing v. Globe Direct LLC, 806 F. Supp. 2d 461, 466 (D. Mass. 2011), aff'd, 682 F.3d 18 (1st Cir. 2012) (and cases cited). Dr. Fearon – whether as member or member spouse – was a party to the Membership Plan, so he is a necessary party.

Given that Dr. Fearon's joinder would destroy the diversity of this case – he and Ms. Horchow both reside in Texas – joinder of Dr. Fearon is not feasible because it would destroy subject matter jurisdiction. See Jay v. Bean, 2025 WL 318293, at *4 ("Under Rule 19(b), joinder is

not feasible if it destroys subject matter jurisdiction"), and cases cited. Therefore, the Court should dismiss this case. See id. ("If the party is indispensable, the case must be dismissed").

Respectfully submitted,

**THE WESTMOOR CLUB, LLC**

By its attorneys,

*/s/ Tyler E. Chapman*
Tyler E. Chapman (BBO # 637852)
Meghan E. Huggan (BBO # 708122)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
tchapman@toddweld.com
mhuggan@toddweld.com

Dated: July 25, 2025

## CERTIFICATE OF SERVICE

I, Tyler E. Chapman, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF).

*/s/ Tyler E. Chapman*
Tyler E. Chapman