IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REGEN HORCHOW,            )<br>                          )<br>        Plaintiff,        )<br>                          )<br>    v.                    )<br>                          )<br> THE WESTMOOR CLUB, LLC,  )<br>                          )<br>        Defendant.        )<br>                          ) | Civil Action No.: 1:25-cv-11008-WGY |

### REGEN HORCHOW'S NOTICE OF SUPPLEMENTAL AUTHORITY

Regen Horchow respectfully submits this Notice to apprise the Court of supplemental authority relevant to The Westmoor Club, LLC's (the "Club") Motion to Dismiss (the "Motion").

On September 29, 2025, the Nantucket Superior Court issued a decision and order denying a motion to dismiss filed by the Club in an action by a former member seeking recovery of his membership deposit. *See* Decision and Order on Motion to Dismiss, *Farrell v. The Westmoor Club, LLC*, No. 2575CV00026 (Mass. Super. Ct. Sept. 29, 2025) (attached as Exhibit A).

In seeking dismissal of the *Farrell* complaint, the Club made the same argument that it asserts in support of the Motion: that decisions by the Club are not subject to judicial review. *Compare* Memorandum in Support of Motion to Dismiss at 2, *Farrell v. The Westmoor Club, LLC*, No. 2575CV00026 (Mass. Super. Ct. July 31, 2025) (attached as Exhibit B) ("courts do not review … internal club decisions") (*citing Casey v. Allen Harbor Yacht Club, Inc.*, No. 05-00417, 2007 WL 5578210, at *3 (Mass. Super. Ct. Oct. 11, 2007); *Richards v. Morison*, 229 Mass. 458, 461 (1918)), *and id.* at 9 ("[plaintiff]'s claim challenging the Club's reasons for expelling him is a claim that is barred as a matter of law.") (*citing Savill v. Fort Norfolk Yacht Club, Inc.*, 83 Mass.

App. Ct. 1130 (2013)), *with* Memorandum in Support of Motion to Dismiss at 8–9, *Horchow v. The Westmoor Club, LLC*, No. 1:25-cv-11008-WGY (D. Mass.), ECF 7 (relying on same cases to assert same argument).

  The Club also pointed to the same clause in the Membership Plan to argue that the claim was barred as a matter of law. Exhibit B at 9 ("[Plaintiff] fails state a claim, especially given that the Membership Plan explicitly states that the Club 'may terminate the use privileges of any person in order to prevent abuses of the intent of this Membership Plan.'"); *see* ECF 7 at 10 (containing same argument verbatim).

  Despite these arguments, the *Farrell* Court—a Massachusetts court interpreting Massachusetts law—concluded that "[plaintiff] has properly asserted claims for breach of contract and for violation of Chapter 93A" and denied the Club's motion to dismiss. Exhibit A at 2.

              Respectfully submitted,

              REGEN HORCHOW

              By her attorneys,

              */s/ Hayley Trahan-Liptak*
              Christopher L. Nasson (BBO# 669401)
              christopher.nasson@klgates.com
              Hayley Trahan-Liptak (BBO# 692412)
              hayley.trahan-liptak@klgates.com
              John L. Gavin (BBO# 705385)
              john.gavin@klgates.com
              K&L Gates LLP
              One Congress Street
              Suite 2900
Dated: December 10, 2025       Boston, Massachusetts 02114

## **CERTIFICATE OF SERVICE**

  I, Hayley Trahan-Liptak, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants on December 10, 2025.

                 */s/ Hayley Trahan-Liptak*