UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REGEN HORCHOW,<br><br>   Plaintiff,<br><br>v.<br><br>THE WESTMOOR CLUB, LLC,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:25-cv-11008-WGY<br>)<br>)<br>)<br>)<br>) |

## **INITIAL DISCLOSURE OF THE DEFENDANT**

The Defendant The Westmoor Club, LLC ("Defendant" or the "Club") hereby submits its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Scheduling Order in this case.

## **Preliminary Statement**

The Club has not completed discovery or preparation for trial in this action. The Club's search for additional documents and information that may support its defenses is ongoing, and therefore it does not represent that it has identified every witness, document, or thing it ultimately may use to support its defenses and expressly reserves the right to supplement, amend, or clarify these disclosures pursuant to Fed. R. Civ. P. 26(e) in light of further discovery and investigation. The information contained herein, and any documents identified, described, or produced are based upon information presently available to the Club, and are given in a good faith effort to comply with Rule 26(a)(1). These Initial Disclosures are therefore made without prejudice to the Club's right to produce, pursuant to the Federal Rules of Civil Procedure, any information which may be discovered or determined to be relevant to the subject matter of this action. These Initial Disclosures should not be construed as prejudicing, or in any way limiting, the Club with respect to further discovery, research, analysis, or proof. The Club reserves the

right to amend or supplement these initial disclosures as additional information is obtained during the course of these proceedings, at its discretion.

Each of the following Initial Disclosures is made subject to any and all objections, including but not limited to competency, materiality, relevancy, propriety, admissibility, or any other grounds that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial. The Club generally asserts the attorney-client and attorney work product privileges as to any and all relevant documents which may exist, and which are subject to these privileges. To the extent any such Initial Disclosure contains or refers to matters otherwise protected from discovery by these privileges, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

Except for the explicit facts stated therein, no incidental or implied admissions are intended. The Club has submitted these Initial Disclosures solely in compliance with Rule 26(a)(1), and these Initial Disclosures are solely for the purpose of, and in relation to, this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Regen Horchow | c/o K&L Gates | Ms. Horchow possesses knowledge and information concerning all allegations contained in the complaint. |
| Jeffrey A. Fearon | 9785 Audubon Place Dallas, Texas 75220 | Mr. Fearon possesses knowledge and information concerning Ms. Horchow's claims and the subject Club membership. Mr. Fearon is identified in the Complaint and is listed in documents relating to allegations in the Complaint. |

| | | |
|---|---|---|
| J. Graham Goldsmith | c/o Todd & Weld LLP | Mr. Goldsmith possesses knowledge and information concerning Ms. Horchow's claims, the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Goldsmith is listed in documents relating to allegations in the Complaint. |
| Katherine ("Kitty") Goldsmith | c/o Todd & Weld LLP | Ms. Goldsmith possesses knowledge and information concerning Ms. Horchow's claims, the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Ms. Goldsmith is identified in the Complaint and is listed in documents relating to allegations in the Complaint. |
| Alan J. Worden | c/o Todd & Weld LLP | Mr. Worden possesses knowledge and information concerning Ms. Horchow's claims, the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Worden is listed in documents relating to allegations in the Complaint. |
| John Cowden | c/o Todd & Weld LLP | Mr. Cowden possesses knowledge and information concerning Ms. Horchow's claims, the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Cowden is listed in documents relating to allegations in the Complaint. |

| Laurie Cowden | c/o Todd & Weld LLP | Ms. Cowden possesses knowledge and information concerning Ms. Horchow's claims, the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Ms. Cowden is identified in the Complaint and is listed in documents relating to allegations in the Complaint. |
|---|---|---|
| Carole Beller | c/o Todd & Weld LLP | Ms. Beller possesses knowledge and information concerning the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Ms. Beller is referenced in the Complaint as she was a member of the Club's Appeal Committee that affirmed the Club's expulsion of Ms. Horchow. |
| David G. Kaytes | c/o Todd & Weld LLP | Mr. Kaytes possesses knowledge and information concerning the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Kaytes is referenced in the Complaint as he was a member of the Club's Appeal Committee that affirmed the Club's expulsion of Ms. Horchow. |
| Albert Dobron | c/o Todd & Weld LLP | Mr. Dobron possesses knowledge and information concerning the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Dobron is referenced in the Complaint as he was a member of the |

|  |  | Club's Appeal Committee that affirmed the Club's expulsion of Ms. Horchow. |
|---|---|---|
| Francis Scricco | c/o Todd & Weld LLP | Mr. Scricco possesses knowledge and information concerning the subject Club membership, the Club's decision to expel Ms. Horchow from the Club, Ms. Horchow's appeal of said Club decision, and the Club's decision to affirm its expulsion of Ms. Horchow after the appeal. Mr. Scricco is referenced in the Complaint as he was a member of the Club's Appeal Committee that affirmed the Club's expulsion of Ms. Horchow. |

The Club refers to and incorporates any individuals or entities identified in the documents listed herein below. The Club reserves the right to supplement this list as more information becomes available.

## II. KNOWN DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE ITEMS IN SUPPORT OF DEFENSES

Based on the information available to date, the following documents and categories of documents, electronically stored information, and tangible things are in the Club's possession, custody, or control and may be used to support the Club's defenses in this matter:

1. All documents attached to the Complaint as exhibits.

2. Documents and communications concerning or reflecting the facts alleged in the Complaint.

3. All documents attached to Ms. Horchow's Opposition to the Club's Motion to Dismiss.

4. Communications and correspondence involving Ms. Horchow and Ms. Fearon's membership at the Club.

5. Communications and correspondence involving Ms. Horchow's expulsion from the Club.

6. Communications and correspondence involving Mr. Fearon's expulsion from the Club.

7. Communications and correspondence involving Ms. Horchow's appeal of the Club's decision to expel her.

8. Communications and correspondence involving Mr. Fearon's appeal of the Club's decision to expel him.

9. Documents and correspondence involving the F007 Club Membership.

10. Documents filed in the District Court of Dallas County, Texas matter *Regen Horchow vs. The Westmoor Club, LLC and Jeffrey Fearon*, Cause No. DC-23-13481.

11. Katherine Goldsmith's May 29, 2024 Deposition Transcript.

The Club reserves the right to amend, supplement, or modify this list as additional documents are revealed through the discovery process and more information becomes available.

### III.    COMPUTATION OF DAMAGES

Not applicable, as the Club is the Defendant in this matter.

### IV.    INSURANCE AGREEMENTS

None.

        Respectfully submitted,

        **THE WESTMOOR CLUB, LLC**

        By its attorneys,

        */s/ Tyler E. Chapman*
        Tyler E. Chapman (BBO # 637852)
        Meghan E. Huggan (BBO # 708122)
        TODD & WELD LLP
        One Federal Street, 27" Floor
        Boston, MA 02110
        (617) 720-2626
        tchapman@toddweld.com
        mhuggan@toddweld.com

Dated: February 13, 2026

## CERTIFICATE OF SERVICE

    I, Tyler E. Chapman, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF).

        */s/ Tyler E. Chapman*
        Tyler E. Chapman