IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REGEN HORCHOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:25-Cv-11008-WGY |
| | ) | |
| THE WESTMOOR CLUB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REGEN HORCHOW'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

TABLE OF CONTENTS

I.      INTRODUCTION                                                                                      1

II.     LEGAL STANDARD                                                                               1

III.    STATEMENT OF FACTS                                                                      2

IV.     ARGUMENT                                                                                          2

        A.      The Membership Belonged to Ms. Horchow.............................................2

        B.      The Club Breached its Contract with Ms. Horchow................................5

                i.    *The Club's Transfer of Ms. Horchow's Membership
                      to Mr. Fearon is a Breach* ................................................................5

                ii.   *The Club's Procedurally Improper Expulsion of Ms.
                      Horchow is a Breach* ........................................................................7

V.      CONCLUSION                                                                                        8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)..................................................................................................2

*Farmers Ins. Exchange v. RNK, Inc.*,
  632 F.3d 777 (2011)(1st Cir. 2011) ........................................................................4

*Finn v. Consol. Rail Corp.*,
  782 F.2d 13 (1st Cir. 1986)......................................................................................2

*Richards v. Morison*,
  118 N.E. 868 (Mass. 1918) ......................................................................................8

*Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*,
  514 F. Supp. 3d 369 (D. Mass. 2021) ..................................................................2, 7

*Yellin & Hyman, P.C. v. James N. Ellis and Associates*,
  *P.C.*, 2001 WL 755851, at *4 (Super. Ct. May 16, 2001) ....................................5, 7

**Other Authorities**

Fed. R. Civ. P. 56(a) ......................................................................................................1

Local Rule 56.1 ..............................................................................................................2

## I.    INTRODUCTION

With discovery now complete, the straightforward allegations in Plaintiff Regen Horchow's ("Ms. Horchow") Complaint have been met with equally straightforward facts proving that Defendant The Westmoor Club, LLC (the "Club") breached its contract with Ms. Horchow. Discovery has confirmed that 1) the Club admitted Ms. Horchow as the Member, 2) the Club transferred Ms. Horchow's membership (the "Membership") to her ex-husband in violation of the Club's Membership Plan, and 3) the Club wrongfully expelled Ms. Horchow using improper procedures when she sought to protect her contractual rights.  These actions damaged Ms. Horchow by depriving her of the benefits of her Membership under her contract with the Club.

At the Motion to Dismiss stage, the Club sought to frame this case as one about its right to expel Ms. Horchow on the grounds it saw fit.  But the undisputed facts show the Club first breached its contract with Ms. Horchow well before it chose to improperly expel her; the Club's expulsion of Ms. Horchow was an additional breach of its contractual agreement with Ms. Horchow.[1] Because the material facts are not in dispute, Ms. Horchow is entitled to partial summary judgment on the issues of 1) ownership of the Membership, 2) breach of contract by the Club's wrongful transfer of the Membership, and 3) breach of contract for the Club's procedurally improper expulsion.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is

---

[1] Ms. Horchow maintains that the Club's basis for expelling her was insufficient under the Membership Plan, was a breach of contract, and that the Court is empowered to adjudicate that breach.  Pl.'s Opp. to Mot. to Dismiss, ECF No. 9 at 4-7 (arguing Massachusetts law allows courts to determine whether an expulsion decision was sufficient to warrant expulsion, reached in good faith, not capricious, arbitrary, or irrational) (citing *Casey v. Allen Harbor Yacht Club, Inc.*, 2007 WL 5578210, at *3 (Mass. Super. Oct. 11, 2007)).  However, Ms. Horchow does not seek summary judgment on that ground.

material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, 514 F. Supp. 3d 369, 373 (D. Mass. 2021). On a motion for summary judgment, only admissible evidence is considered to determine whether there is a genuine dispute. *Finn v. Consol. Rail Corp.*, 782 F.2d 13, 16 (1st Cir. 1986) ("Material that would be inadmissible at trial cannot be considered on a motion for summary judgment because, if offered at trial, it would not serve to establish a genuine issue of material fact."). If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III.    STATEMENT OF FACTS

Ms. Horchow sets forth the undisputed facts supporting her Motion in a Local Rule 56.1 Statement of Material Facts ("SOMF"), filed contemporaneously with this memorandum.

## IV.    ARGUMENT

### A. The Membership Belonged to Ms. Horchow

No genuine dispute of material fact exists that the Club admitted Ms. Horchow as a Member of the Club in 2004 following her submission and the Club's review of her Membership Application. The Club's Membership Plan provides that memberships may only be owned individually. SOMF ¶ 2. Members must be approved by the Club, and any "person interested in membership will submit a *fully* completed and signed Membership Application and the required Membership Deposit." SOMF ¶ 3 (emphasis added). A Member's spouse and children are granted use privileges but are not themselves members. SOMF ¶ 5. While use of the Club facilities is the

2

same for Members and their families, Members own the membership and are entitled to additional rights, including, among others, the ability to resign from the Club and the right to membership after divorce. SOMF ¶ 7. For example, the Club's Membership Plan provides that "[i]n the case of divorce of a married Member, the Membership shall belong to the spouse designated on the Membership Application as the Member[.]" SOMF ¶ 9. In another example, the Membership Plan allows "[a] Member" to resign and obtain a repayment of a percentage of the current Membership Deposit. SOMF ¶ 8.

The facts adduced in discovery make clear that the Membership belonged to Ms. Horchow. Ms. Horchow's name is listed as the Applicant on the Membership Application. All of the personal information listed in the Membership Application for the "Applicant" belongs to Ms. Horchow, including her home address, telephone number, Social Security number, email address, date of birth, and employment information. SOMF ¶¶ 16-23. Where the Membership Application requires an Applicant's references, Ms. Horchow's memberships with the Nantucket Yacht Club and the Cooper Aerobics Center are listed, and Ms. Horchow's longtime friends are listed as personal references. SOMF ¶ 22. The Club's Director of Membership at the time of Ms. Horchow's application, Peter Hicks, testified that members "would have been applicants at [the application] stage." SOMF ¶ 10. Mr. Hicks wrote at the top of Ms. Horchow's application, "Fearon, Regen."[2] SOMF ¶ 26. The Club's partial owner, J. Graham Goldsmith, agreed that the person who applies and is approved is the Member. SOMF ¶ 4. Mr. Goldsmith's wife, Kitty Goldsmith, was involved in approving Ms. Horchow's Membership Application, testified that Ms. Horchow was admitted as the Member. SOMF ¶ 25. Mr. Hicks approved Ms. Horchow's Membership Application. SOMF ¶ 26.

---

[2] At the time of the application, Ms. Horchow was married to Jeffrey Fearon and went by "Regen Fearon."

Further, the Membership Application was accompanied by a check for Ms. Horchow's membership deposit, written by Ms. Horchow's father. SOMF ¶ 28. Mr. Hicks wrote "For Regen Fearon – Regular" on the top of the check, as well as "For Fearon, Regen" on top of the page containing a photocopy of the check. SOMF ¶¶ 29-30. The Club admits that the check was used to pay Ms. Horchow's membership deposit. SOMF ¶ 27. The Club further admits that a separate check, also from Ms. Horchow's father, was used to pay the balance of the cost of Ms. Horchow's membership. SOMF ¶ 31.

The Club has not produced a single document identifying who they admitted in 2004, and the Club has acknowledged they do not maintain these records. SOMF ¶¶ 32-34. Without such records, the Court must rely solely on the Membership Application and the undisputed facts surrounding that application, which, on their face, identify Ms. Horchow as the Member.

To the extent that the Club contends that Mr. Fearon is the Member and not Ms. Horchow because Mr. Fearon signed his name on the applicant signature line of the application, such an argument is not supported by the plain text of the application and its interpretation as a whole. *See Farmers Ins. Exchange v. RNK, Inc.,* 632 F.3d 777, 784 (1st Cir. 2011) ("In interpreting contractual language, we consider the contract as a whole. Its meaning cannot be delineated by isolating words and interpreting them as though they stood alone") (internal quotations omitted). Mr. Fearon is listed as the spouse on the Membership Application. SOMF ¶ 16. Mr. Fearon's contact information and references are not listed on the Membership Application. SOMF ¶¶ 18, 20, 22, 41. No check for Mr. Fearon's membership deposit accompanies the Membership Application. SOMF ¶ 28, 44. Mr. Fearon's name is not written by Club staff anywhere on the Membership Application. Indeed, discovery has uncovered ***no evidence*** that the Membership, or any membership at the Club, belonged to Mr. Fearon. SOMF ¶¶ 39-45.

4

Considering the above, Ms. Horchow is entitled to summary judgment that the Membership belonged to her.

**B. The Club Breached its Contract with Ms. Horchow**

No genuine issue of material fact exists as to whether the Club breached its contract with Ms. Horchow when it 1) improperly transferred the Membership to Mr. Fearon and 2) expelled Ms. Horchow without the required procedure. "A breach of contract is a failure to perform for which there is no legal excuse." *Yellin & Hyman, P.C. v. James N. Ellis and Associates, P.C.*, 2001 WL 755851, at *4 (Mass. Super. May 16, 2001). A breach is material when it goes to an essential and inducing feature of the contract. *Lease-It, Inc, v. Massachusetts Port Authority*, 600 N.E.2d 599, 602 (Mass. App. Ct. 1992). In Massachusetts, the interpretation of a contract is a question of law for the court. *Ober v. National Cas. Co.*, 60 N.E.2d 90, 92 (Mass. 1945).

    i.   *The Club's Transfer of Ms. Horchow's Membership to Mr. Fearon is a Breach*

The undisputed facts show that the Club materially breached its contract with Ms. Horchow when it failed to abide by the essential provisions of the Membership Plan and transferred the Membership from Ms. Horchow to Mr. Fearon. *See Yellin & Hyman, P.C.*, 2001 WL 755851, at *4.

The Club maintains that Mr. Fearon is a member of the Club. SOMF ¶ 47. In response to Ms. Horchow's discovery requests, the Club stated that it would produce all documents relevant to any membership application, references, deposit, or approval with respect to Mr. Fearon. SOMF ¶¶39-40. The only membership application the Club produced is Ms. Horchow's Membership Application. SOMF ¶13. The Club has not produced a membership application on which Mr. Fearon is listed as an Applicant or containing his references or personal information. SOMF ¶¶ 41-42. It has not produced any record of a membership deposit paid for Mr. Fearon. SOMF ¶ 44.

The only method by which an individual may become a member of the Club other than submitting their own application is through transfer of an existing membership.  SOMF ¶¶ 6-7.  The Club's Membership Plan provides that a transfer of the Membership "may only be exercised by the original Member."  SOMF ¶ 6.  As set forth above, the Membership belonged to Ms. Horchow, and she was the "original Member."  SOMF ¶ 25.  Records the Club has produced show that in September 2017 a Club staff member deleted Ms. Horchow's name from the Membership in the Club's online portal.  SOMF ¶ 48.  The Club admits that Ms. Horchow did not request a transfer of her Membership to Mr. Fearon.  SOMF ¶ 38.  The Membership Plan further provides that the recipient of a transferred membership must apply and be approved by the Club.  SOMF ¶6.  As set forth above, the Club has produced no record of any application for membership completed by Mr. Fearon.  SOMF ¶ 41.

Under the Club's Membership Plan, "[i]n the case of divorce of a married Member, the Membership shall belong to the spouse designated on the Membership Application as the Member[.]"  SOMF ¶ 9.  As explained above, Ms. Horchow was designated on the application as the Applicant[3] and approved as a Member.  SOMF ¶¶ 16, 25.  Despite these clear undisputed facts, the Club refused to confirm that the Membership belonged to Ms. Horchow after her divorce from Mr. Fearon.  Instead, the Club required Ms. Horchow to produce a settlement agreement or court order to retain her Membership status.  SOMF ¶ 35.  Ultimately, the Club took the position that Mr. Fearon was the Member.  SOMF ¶ 47.

---

[3] The Membership Application uses the term "Applicant" only and makes no reference to "Member." SOMF ¶ 15.

The Club's transfer of the Membership to Mr. Fearon, and with it the rights and privileges of Membership, is a wrongful transfer of Ms. Horchow's Membership.[4]  Such a transfer revoked an essential inducing feature of the contract, including the right to ownership of the Membership after divorce, the right to transfer the membership, and the ability to resign membership and receive a return of a portion of the Membership Deposit.  *See Yellin & Hyman, P.C.*, 2001 WL 755851, at *4.  A reasonable jury could only conclude that the Club violated the Membership Plan when it transferred the Membership to Mr. Fearon.  *See Woods Hole Oceanographic Inst.*, 514 F. Supp. 3d at 373.  Therefore, there is no genuine issue of material fact as to whether the Club violated the Membership Plan, thus breaching its contract with Ms. Horchow.  *Id*.

    ii.    *The Club's Procedurally Improper Expulsion of Ms. Horchow is a Breach*

There is no dispute between the parties that the Court has the power to adjudicate whether a private club complied with the procedural requirements of its bylaws when expelling a member.[5] *See* Def.'s Mot. to Dismiss, ECF No. 7 at 9 ("courts review whether the club followed its own procedures"); *see also Richards v. Morison,* 118 N.E. 868, 869 (Mass. 1918) (noting courts may "ascertain whether the essential formalities required by the constitution and by-laws of the association have been complied with"); *Casey*, 2007 WL 5578210, at *3-4 ("the court must apply notions of fairness, good faith, and natural justice to the *procedures* followed by the club").

There is no genuine dispute of material fact that the Club violated its procedures when it improperly expelled Ms. Horchow.  The Membership Plan provides that the Club cannot expel a

---

[4] Ms. Horchow has attempted to obtain additional evidence of the wrongful transfer of her membership to Mr. Fearon, including an Excel spreadsheet maintained by Club staff noting admitted members at the time of Ms. Horchow's application, as well as historical membership rolls.  SOMF ¶ 33.  The Club has acknowledged it does not maintain such documents.  SOMF ¶ 34.  The Club should not be permitted to benefit from its own lack of records.

[5] The parties disagree as to the Court's ability to adjudicate the basis for expulsion, but that issue is not presented here.

Member without first providing notice of proposed disciplinary action and an opportunity to request a hearing. SOMF ¶ 11. Mr. Goldsmith testified that the Club's ordinary practice complied with that provision. SOMF ¶ 55. However, the Club disregarded this provision of the Membership Plan and its regular practice when it expelled Ms. Horchow. The Club expelled Ms. Horchow by letter dated October 10, 2024,[6] without any prior notice of disciplinary action. SOMF ¶¶ 49-52. The Club's conduct did not "keep within the limits of the governing article" of the discipline provision, *see Richards*, 118 N.E. at 868, and constitutes a material breach because it placed Ms. Horchow in a significantly different position than what she agreed to in the Membership Plan. *See Yellin & Hyman, P.C.*, 2001 WL 755851, at *4. In this instance, the Club's improper expulsion procedure deprived Ms. Horchow of her right under the Membership Plan to resign her membership prior to expulsion and be paid 80% of the Membership Deposit as of the date of resale of the membership; in Ms. Horchow's case $500,000 if she had resigned in October 2024. SOMF ¶¶ 8, 54. The Club's October 10, 2024 letter specifically denied Ms. Horchow the right to a refund of any part of her Membership Deposit. SOMF ¶ 49.

The Court should grant summary judgment that the Club breached its contract with Ms. Horchow through its procedurally improper expulsion.

## V.    CONCLUSION

Accordingly, Ms. Horchow respectfully requests that the Court grant her motion and enter summary judgment that 1) the Membership belonged to Ms. Horchow, 2) the Westmoor Club,

---

[6] The Club's initial justification for expelling Ms. Horchow was that she involved the Club in her divorce from Mr. Fearon. SOMF ¶ 50. After Ms. Horchow appealed her expulsion, the basis shifted to her alleged failure to notify the Club of her divorce. SOMF ¶ 58. Ms. Horchow did notify the Club of her divorce 2021, and the Club took no action then. SOMF ¶¶ 59-60. The lack of a sufficient basis to expel Ms. Horchow, coupled with the subsequent shifting explanations for that expulsion evidence bad faith, which also amounts to a breach of contract that the Court is empowered to adjudicate. *See* Pl.'s Opp. to Mot. to Dismiss, ECF No. 9 at 6-7 (setting forth the Club's shifting rational for expulsion as evidence of bad faith). However, Ms. Horchow does not seek summary judgment on this issue.

8

LLC breached its contract with her by transferring the Membership to Mr. Fearon, and 3) the

Westmoor Club, LLC breached its contract with Ms. Horchow by expelling her in violation of the

procedures set forth in the Club's Membership Plan.

Respectfully submitted,

REGEN HORCHOW

By her attorneys,

*/s/ Hayley Trahan-Liptak*
Christopher L. Nasson (BBO# 669401)
christopher.nasson@klgates.com
Hayley Trahan-Liptak (BBO# 692412)
hayley.trahan-liptak@klgates.com
John L. Gavin (BBO# 705385)
john.gavin@klgates.com
K&L Gates LLP
One Congress Street
Suite 2900
Dated: April 10, 2026                    Boston, Massachusetts 02114

9

## **CERTIFICATE OF SERVICE**

I, Hayley Trahan-Liptak, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants on April 10, 2026.

*/s/ Hayley Trahan-Liptak*