Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REGEN HORCHOW, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:25-cv-11008-WGY |
| THE WESTMOOR CLUB, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**THE WESTMOOR CLUB, LLC'S RESPONSES TO
PLAINTIFF REGEN HORCHOW'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, The Westmoor Club, LLC (the "Club") hereby responds to Regen Horchow's ("Plaintiff" or "Ms. Horchow") First Set of Requests for Admission ("Requests") as follows:

**RESERVATION OF RIGHTS**

The Club states that its responses to the Requests are based upon information presently available and specifically known to it. The Club expressly reserves the right to amend, supplement, or otherwise modify its objections and answers as necessary and appropriate in light of additional information, documents, or materials that are discovered or disclosed in the course of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into the Club's response to each Request set forth below.

1.      The Club objects to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek to impose on the Club any obligations different from its

1

obligations under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable, statute, rule, regulation, or the common law.

2.      The Club objects to the Requests to the extent that they are vague, overbroad, unduly burdensome, or disproportionate to the needs of the case, and to the extent that they contain vague or ambiguous terms.

3.      The Club objects to the Requests to the extent they assume facts and/or legal conclusions, or call for the Club to make legal conclusions or opinions. The Club further objects to any implications or explicit or implicit characterizations of the facts, events, circumstances, legal premises, or issues referenced in the Requests.

4.      Any response to a particular Request does not indicate and should not be construed as an agreement by the Club as to the truth or accuracy of any of Plaintiff's characterizations of fact or law.  The responses are made subject to and without waiving any objection to the competency, relevancy, materiality, privilege, or admissibility of these responses and any documents referenced herein.

## RESPONSES TO REQUESTS

### REQUEST NO. 1

Admit that Exhibit 1 to the Complaint includes Ms. Horchow's membership application, a copy of a check used as an earnest money deposit for the membership and copy of a check used as the balance of the membership fee.

### RESPONSE NO. 1

Subject to and without waiving the General Objections incorporated herein, admitted that the documents attached to the Complaint as Exhibit 1 include a membership application, a copy of a check used as an earnest money deposit for the membership and copy of a check used as the balance of the membership fee. Denied to the extent that this Request implies that the membership application did not include an application for membership at the Club by Dr. Fearon.

2

**REQUEST NO. 2**

Admit the Application is marked "Fearon, Regen".

**RESPONSE NO. 2**

The Club objects to this Request as the term "Application" is vague and not defined. The Club further objects to this Request as it purports to recite language within a document which speaks for itself. Further responding, the Club denies the Request.

**REQUEST NO. 3**

Admit Ms. Horchow's name is listed as the "Applicant" on the Application.

**RESPONSE NO. 3**

The Club objects to this Request as the term "Application" is vague and not defined. The Club further objects to this Request as it purports to recite language within a document which speaks for itself. Further responding, the Club denies the Request.

**REQUEST NO. 4**

Admit Dr. Fearon's name is listed as "Spouse/Domestic Companion" on the Application.

**RESPONSE NO. 4**

The Club objects to this Request as the term "Application" is vague and not defined. The Club further objects to this Request as it purports to recite language within a document which speaks for itself. Further responding, the Club denies the Request.

**REQUEST NO. 5**

Admit the $50,000 check was, in part, used as the membership deposit for "Fearon, Regen".

**RESPONSE NO. 5**

The Club objects to this Request as the term "the $50,000 check" is vague and not defined. The Club further objects to this Request as it purports to recite language within a document which speaks for itself. Further responding, the Club admits that the copy of the check for $50,000 attached to the Complaint at Exhibit 1 on page 6 of 11 was, in part, used as a membership deposit for Regen Fearon.

**REQUEST NO. 6**

Admit the $200,000 check was, in part, used as the balance of the membership deposit for "Fearon, Regen".

**RESPONSE NO. 6**

The Club objects to this Request as the terms "the $200,000 check" is vague and not defined. The Club further objects to this Request as it purports to recite language within a document which speaks for itself. Further responding, the Club admits that the copy of the check for $200,000 attached to the Complaint at Exhibit 1 on page 8 of 11 was, in part, used as a membership deposit for Regen Fearon.

**REQUEST NO. 7**

Admit that Exhibit 2 to the Complaint is the Club's Membership Plan.

**RESPONSE NO. 7**

Admitted.

**REQUEST NO. 8**

Admit that Exhibit 2 to the Complaint is the Club's Membership Plan that was in effect at all times relevant to the Club's admission of Ms. Horchow as a Member.

**RESPONSE NO. 8**

Admitted.

**REQUEST NO. 9**

Admit that Exhibit 2 to the Complaint is the Club's Membership Plan that was in effect at all times relevant to the Club's expulsion of Ms. Horchow.

**RESPONSE NO. 9**

Admitted.

**REQUEST NO. 10**

Admit that Exhibit 2 to the Complaint is the Club's Membership Plan that was in effect at all times relevant to the Club's transfer of the Membership from Ms. Horchow to Dr. Fearon.

**RESPONSE NO. 10**

Admitted that Exhibit 2 to the Complaint is the Club's Membership Plan that was in effect at all times relevant to Ms. Horchow and Dr. Fearon's membership at the Club. Denied that the Club transferred the membership from Ms. Horchow to Dr. Fearon.

4

**REQUEST NO. 11**

Admit that Memberships may only be owned individually.

    **RESPONSE NO. 11**

    Admitted. Further responding, the Club states that, pursuant to the terms of the Membership Plan, memberships in other forms of ownership may be offered by the Club at the Club's discretion.

**REQUEST NO. 12**

Admit that the Membership belongs to the member designated on the Application.

    **RESPONSE NO. 12.**

    Admitted. Further responding, the Membership Plan states that in the case of divorce of a married Member, the membership shall belong to the spouse designated on the Membership Application as the Member unless otherwise provided by agreement between the parties or by court order.

**REQUEST NO. 13**

Admit that the Terms and Conditions of Application and Membership, attached to the Membership Plan, designate the Applicant as the one applying for Club's membership privileges.

    **RESPONSE NO. 13**

    The Club objects to this Request as the document speaks for itself. To the extent a response is required, the Club admits that the Terms and Conditions of Application and Membership states "[t]his Application shall entitle the Applicant to apply for the Club membership privileges provided by the Club[.]"

**REQUEST NO. 14**

Admit that Ms. Horchow never requested the Club transfer the Membership to Dr. Fearon.

    **RESPONSE NO. 14**

    Admitted.

**REQUEST NO. 15**

Admit that Dr. Fearon never completed a membership application on which he was listed as the Applicant.

**RESPONSE NO. 15**

The Club is without sufficient information to admit or deny this Request.

**REQUEST NO. 16**

Admit that Dr. Fearon never provided references for Membership.

**RESPONSE NO. 16**

Denied.

**REQUEST NO. 17**

Admit that the Club never received a membership deposit for Dr. Fearon.

**RESPONSE NO. 17**

Denied.

**REQUEST NO. 18**

Admit that Dr. Fearon was never approved as a Member.

**RESPONSE NO. 18**

Denied.

**REQUEST NO. 19**

Admit that as of April 2021, the Club listed Dr. Fearon as a Member in its Online Portal.

**RESPONSE NO. 19**

Admitted.

**REQUEST NO. 20**

Admit that the Membership Plan requires that the Club provide notice to Members of proposed disciplinary action prior to taking disciplinary action, except in the case of conduct for which the Club has a zero tolerance policy.

**RESPONSE NO. 20**

The Club objects to this Request as the document speaks for itself. To the extent a response is required, the Club admits that the Membership Plan states "[a]ny Member against

whom disciplinary action is being considered will be notified either verbally or in writing of any proposed action and will be given an opportunity to be heard by the Club to show cause why he or she should not be disciplined. If the Member desires to be heard, the member must provide a written request for a hearing to the Club within fifteen (15) days of the date of the Club's notice to the Member of the proposed action. Upon the Club's receipt of the written request for a hearing, the Club will set a time and date not less than ten (10) days thereafter for such hearing. While the Club is considering the complaint, the Member must continue paying dues, fees and any other charges due to the Club and will continue to enjoy use privileges of the Club Facilities. However, Members accused of conduct for which a zero tolerance policy is in effect may have their privileges immediately suspended. There is no requirement that a Member receive a warning prior to disciplinary action. Family Member and guest privileges may be terminated without prior notice or a hearing."

**REQUEST NO. 21**

Admit that the Club's zero tolerance policy includes only inappropriate sexual advances, verbal or physical abuse of Members, staff or guests, and any threatening behavior or statements.

**RESPONSE NO. 21**

Admitted.

**REQUEST NO. 22**

Admit that Ms. Horchow was not expelled for violation of any of the Club's zero tolerance policies.

**RESPONSE NO. 22**

Admitted.

**REQUEST NO. 23**

Admit that the Membership Plan provides Members fifteen days to request a hearing following notice of proposed disciplinary action, which hearing must take place within ten days of the request.

**RESPONSE NO. 23**

The Club objects to this Request as the document speaks for itself. To the extent a response is required, admitted.

**REQUEST NO. 24**

Admit that Exhibit 7 to the Complaint is an October 10, 2024 letter by which the Club notified Ms. Horchow she was expelled from Membership.

**RESPONSE NO. 24**

Admitted.

**REQUEST NO. 25**

Admit that the Club did not provide written or verbal notice to Ms. Horchow of any proposed disciplinary action prior to the October 10, 2024 letter.

**RESPONSE NO. 25**

Denied. Further responding, the Club provided written notice to Ms. Horchow that the Club was suspending all privileges associated with the membership until the Club received satisfactory evidence of the resolution of Ms. Horchow and Dr. Fearon's membership dispute.

**REQUEST NO. 26**

Admit that the Club did not hold a hearing regarding disciplinary action against Ms. Horchow prior to the October 10, 2024 letter to Ms. Horchow.

**RESPONSE NO. 26**

Admitted.

**REQUEST NO. 27**

Admit that if a Member resigns at any time prior to being expelled, the Member is entitled to reimbursement of a portion of the membership deposit upon resale of that Membership.

**RESPONSE NO. 27**

Admitted.

8

## VERIFICATION

I, John Cowden, state under the penalties of perjury, as follows:

I am the General Manager of the Westmoor Club and an authorized representative of The Westmoor Club, LLC. I have reviewed The Westmoor Club, LLC's Responses to Regen Horchow's First Set of Requests for Admission and believe them to be true and correct based upon my knowledge. The responses provided are, to the best of my knowledge, based on information currently available and recollected in the course of preparing these responses, subject to any inadvertent or undiscovered errors. The Westmoor Club, LLC reserves the right to amend these responses should omissions or errors be identified or if more accurate information becomes available. Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

The Westmoor Club, LLC

By: _____
John Cowden
General Manager, Westmoor Club

As to Objections:

/s/ Meghan E. Huggan
Tyler E. Chapman (BBO # 637852)
Meghan E. Huggan (BBO # 708122)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
tchapman@toddweld.com
mhuggan@toddweld.com

Dated: March 16, 2026

9

## CERTIFICATE OF SERVICE

I, Meghan E. Huggan, hereby certify that on this 16th day of March, 2026 the foregoing was served via email upon all counsel of record to this matter.


/s/ Meghan E. Huggan
Meghan E. Huggan (BBO # 708122)

10