# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REGEN HORCHOW, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:25-cv-11008-WGY |
| THE WESTMOOR CLUB, LLC, | ) | |
| Defendant. | ) | |

**THE WESTMOOR CLUB, LLC'S RESPONSES TO PLAINTIFF REGEN HORCHOW'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, The Westmoor Club, LLC (the "Club") hereby objects and responds to Regen Horchow's ("Plaintiff" or "Ms. Horchow") First Request for Production of Documents (the "Requests") as follows:

**Scope of Search**

These responses are based on the Club's investigation to date, which has entailed searching its physical and electronic files and other places where documents within the scope of the Requests may be kept.

**Reservation of Rights**

The Club reserves the right to rely on facts, documents, or other evidence or information which may develop or come to its attention subsequent to these objections and responses. The Club's objections and responses are set forth herein without prejudice to its right to assert additional objections or supplemental responses should it discover additional information or grounds for objection and should the Court permit additional discovery. The Club further reserves the right to supplement or amend these objections and responses at any time prior to the trial of this action.

1

**General Objections and Limitations**

1.      The Club objects to the Requests to the extent they seek the production of information protected from discovery by any privilege or immunity, including, without limitation, the attorney-client privilege and/or the work product doctrine.  In the event any privileged or immune document is produced by the Club, its production is inadvertent and does not constitute a waiver of any privilege or immunity.

2.      The Club objects to the Requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure and local district rules. The Club undertakes to produce documents in response to the Requests only to the extent required by the applicable rules.

3.      In the specific responses to the specific requests below, a statement that responsive documents will be produced does not mean that (a) any documents exist or ever have existed, or (b) any documents are, or were, in the possession, custody or control of the Club.

4.      Documents produced in response to more than one specific request will be produced once and not separately produced in response to each request to which such document may be responsive.

5.      A statement by the Club that it will produce documents responsive to a specific request contained in the Requests means that the Club will produce documents within its possession, custody, or control that contain information that falls within a fair reading of the specific request.

6.      The responses set forth below, and the production made pursuant thereto, are based upon information now available to the Club.  The Club objects to the Requests to the extent they purport to demand production of documents not within the Club's possession, custody, or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Requests.

2

7.      The Club is providing these responses, and will produce documents pursuant thereto, without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality, or admissibility of (i) the Requests or any part thereof, (ii) statements made in these responses to the Requests or any part thereof, or (iii) any document produced pursuant to these responses.

8.      The Club will supplement its production of documents in response to the Requests only to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. The Club objects to the Requests to the extent they purport to impose any additional or further obligation on it.

9.      The following responses to the specific requests contained in the Requests incorporate by reference and are subject to the General Objections set forth above.  The Club objects to the production of any document falling within the General Objections set forth above. In the event any document falling within such an objection is produced by the Club, its production is inadvertent and does not constitute a waiver of the objection.

### Objections to Instructions and Definitions

The Club objects to Plaintiff's Definitions and Instructions to the extent each instruction and definition impermissibly alters and/or expands the obligations under, or information required under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

3

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1

If the answer to RFA Nos. 8 and 9 are anything other than an unqualified admission, produce all Membership Plans the Club contends were in effect at times relevant to the Club's admission and expulsion of Ms. Horchow.

#### RESPONSE NO. 1

The Club is not required to produce any documents in response to this request.

### REQUEST NO. 2

If the answer to RFA No. 10 is anything other than an unqualified admission, produce all Membership Plans the Club contends were in effect at times relevant to the transfer of membership to Dr. Fearon.

#### RESPONSE NO. 2

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to this request to the extent that it seeks documents already within Plaintiff's possession. Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 2. Further responding, the Club denies that any membership was transferred to Dr. Fearon and states that no other Membership Plans have been in effect since 2004.

### REQUEST NO. 3

If the answer to RFA No. 14 is anything other than an unqualified admission, produce all documents and communication reflecting any request by Ms. Horchow that the Club transfer the membership to Dr. Fearon.

#### RESPONSE NO. 3

The Club is not required to produce any documents in response to this request.

### REQUEST NO. 4

If the answer to RFA No. 15 is anything other than an unqualified admission, produce all documents and communication reflecting any application for membership submitted by Dr. Fearon.

4

**RESPONSE NO. 4**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  The Club further objects to this request to the extent that it seeks documents already within Plaintiff's possession. Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 1 at pages 3 and 4 of 11. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 5**

If the answer to RFA No. 16 is anything other than an unqualified admission, produce all documents and communication reflecting any references provided by Dr. Fearon to the Club.

**RESPONSE NO. 5**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to this request to the extent that it seeks documents already within Plaintiff's possession. Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 1 at page 3 of 11. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 6**

If the answer to RFA No. 17 is anything other than an unqualified admission, produce all documents and communication reflecting any membership deposit provided by Dr. Fearon to the Club.

**RESPONSE NO. 6**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  The Club further objects to this request to the extent that it seeks documents already within Plaintiff's possession. Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 1 at pages 6 and 8 of 11. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 7**

If the answer to RFA No. 18 is anything other than an unqualified admission, produce all documents and communication reflecting approval by the Club of Dr. Fearon for membership, including, but not limited to, notes regarding the admission process and decision, documentation

5

of the decision process, and logs of admission decisions pertaining to the decision to admit Dr. Fearon.

### RESPONSE NO. 7

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  The Club further objects to this request to the extent that it seeks documents already within Plaintiff's possession. Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 1 at page 10 of 11. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

### REQUEST NO. 8

Produce all documents relating to the admission of Ms. Horchow to the Club, including, but not limited to, notes regarding the admission process and decision, documentation of the decision process, and logs of admission decisions.

### RESPONSE NO. 8

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  The Club further objects to the extent that the request seeks documents already within Plaintiff's possession, custody and control and information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objection, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 1 at page 10 of 11. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

### REQUEST NO. 9

Produce all documents reflecting the payment of membership dues related to Ms. Horchow's membership at the Club, including, but not limited to, documents sufficient to show the dates, amounts, and payors of such dues.

### RESPONSE NO. 9

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case.  The Club further objects to the extent that the request seeks documents already within Plaintiff's possession, custody and control. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 10**

Produce all membership rolls, logs, lists, directories or other compilations of the Members from August 1, 2004 to October 10, 2024, including, but not limited to, compilations that form the basis of the information on the Club's online portal.

### RESPONSE NO. 10

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request calls for the production of confidential or proprietary business and commercial information that it is obligated to keep confidential, or which otherwise constitutes protected commercial, financial competitively sensitive, and/or trade secret information and seeks documents implicating confidential third-party information, including third-party financial information. The Club will not produce documents in response to this request.

**REQUEST NO. 11**

Produce all documents and communications regarding Ms. Horchow, her Membership, or Dr. Fearon from April 6, 2021 to January 29, 2025.

### RESPONSE NO. 11

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request seeks documents already within Plaintiff's possession, custody and control and information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 12**

Produce all documents and communications provided to, reviewed by, or created by the Club's Board of Directors regarding Ms. Horchow, her Membership, or Dr. Fearon, including, but not limited to, all agendas, minutes, notes, summaries, presentations, reports, recordings, or transcripts from April 6, 2021 to January 29, 2025.

### RESPONSE NO. 12

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 13**

Produce all documents and communications regarding decisions by the Club to expel Ms. Horchow and/or Dr. Fearon.

**RESPONSE NO. 13**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request seeks documents already within Plaintiff's possession, custody and control and information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 7. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 14**

Produce all communications with Dr. Fearon or his counsel from January 1, 2020 to the present.

**RESPONSE NO. 14**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 15**

Produce all documents and communications regarding decisions by the Club to terminate Memberships based on the so-called "Disputes Provision" in the Membership Plan from August 14, 2004 to present.

**RESPONSE NO. 15**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case and calls for privileged and work-product-protected documents. The Club further objects to the extent that the request seeks documents already within Plaintiff's possession, custody and control. Subject to and without waiving the foregoing objections, the Club refers Plaintiff to, and incorporates herein by reference, Complaint Exhibit 7. To the extent any other documents responsive to this request exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 16**

Produce documents sufficient to establish the percentage capacity of Regular Memberships the Club had filled as of October 10, 2024.

**RESPONSE NO. 16**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request calls for the production of confidential or proprietary business and commercial information that it is obligated to keep confidential, or which otherwise constitutes protected commercial, financial competitively sensitive, and/or trade secret information and seeks documents implicating confidential third-party information, including third-party financial information. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 17**

Produce documents sufficient to show the existence and length of any wait list for a Regular Membership at the Club as of October 10, 2024.

**RESPONSE NO. 17**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. The Club further objects to the extent that the request calls for the production of confidential or proprietary business and commercial information that it is obligated to keep confidential, or which otherwise constitutes protected commercial, financial competitively sensitive, and/or trade secret information and seeks documents implicating confidential third-party information, including third-party financial information. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 18**

Produce documents sufficient to show the value of a Regular Membership as of April 6, 2021.

**RESPONSE NO. 18**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

9

**REQUEST NO. 19**

Produce documents sufficient to show the value of a Regular Membership as of October 10, 2024.

**RESPONSE NO. 19**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

**REQUEST NO. 20**

Produce documents sufficient to show the value of a Regular Membership as of January 29, 2025.

**RESPONSE NO. 20**

The Club objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant or proportional to the needs of this case. Subject to and without waiving the foregoing objections, to the extent such documents exist, the Club agrees to produce non-privileged documents in response to this request.

Respectfully submitted,

**THE WESTMOOR CLUB, LLC**

By its attorneys,

*/s/ Meghan E. Huggan*
Tyler E. Chapman (BBO # 637852)
Meghan E. Huggan (BBO # 708122)
TODD & WELD LLP
One Federal Street, 27" Floor
Boston, MA 02110
(617) 720-2626
tchapman@toddweld.com
Dated: March 16, 2026          mhuggan@toddweld.com

**CERTIFICATE OF SERVICE**

I, Meghan E. Huggan, hereby certify that on this 16th day of March 2026, this document has been served by email on the following counsel of record for Regen Horchow:

*/s/ Meghan E. Huggan*
Meghan E. Huggan (BBO # 708122)

10