# Exhibit 9

**K&L GATES**

March 31, 2026

Hayley Trahan-Liptak
hayley.trahan-Liptak@klgates.com

T +1 617 951 9148
F +1 617 261 3175

**via Email**

Tyler Chapman
Todd & Weld LLP
1 Federal St, Boston, MA 02110
tchapman@toddweld.com

Dear Tyler:

I write with respect to The Westmoor Club LLC's (the "Club") March 16, 2026 Responses to Regen Horchow's First Set of Requests for Production ("RFP Responses") and First Set of Interrogatories ("ROG Responses," and collectively the "Discovery Responses"), as well as the Club's productions of documents to date (the "Document Productions").  As set forth below, the Club's Discovery Responses and Document Productions are deficient.  Unless the Club agrees to promptly correct these issues, Ms. Horchow will be forced to move to compel, particularly considering the upcoming summary judgment deadline.

**Deficient RFP Responses:**

RFP 8:      RFP 8 seeks the production of documents relating to the admission of Ms. Horchow to the Club, including notes regarding the admissions process and decision and logs of admissions decisions. These issues are directly relevant as who the Club admitted following the receipt and review of Ms. Horchow's membership application and the membership deposit checks from Ms. Horchow's father is an essential component of whether the membership at issue belonged to Ms. Horchow and therefore the Club breached its contract with Ms. Horchow by transferring her membership to Dr. Fearon. The Club's response indicates "the Club agrees to produce non-privileged documents in response to this request." However, to date no such documents have been produced outside of the membership application, despite the Club's former membership director's deposition testimony that the Club maintained an Excel spreadsheet tracking membership admission decisions and the Club's 30(b)(6) representative's deposition testimony in which he stated that the membership listing currently maintained on the online portal was implemented some years following the initial admission decisions.

RFP 10:      RFP 10 seeks the production of all membership rolls, logs, lists, directories, or other compilation of members from the time of Ms. Horchow's admission to her expulsion, including those documents on which the online portal's directory are based. To date, the Club has not produced a single document identifying how it lists its members today or historically, the only membership directory produced in this litigation was not part of the Club's Document Productions and does not identify primary members.  These issues are directly relevant as who the Club admitted following the receipt and review of Ms. Horchow's membership application and the membership deposit checks from Ms. Horchow's father is an essential component of whether the membership at issue belonged to Ms. Horchow and therefore the Club breached its contract with Ms. Horchow by transferring her membership to Dr. Fearon. The Club's internal admission and membership rolls from May 2004 to October 2024 are especially relevant given the Club's 30(b)(6) representative's deposition testimony in which he stated that the membership listing currently maintained on the Online Portal, copies of which the Club has also failed to produce, was implemented some years following the initial admission decisions.

RFPs 12–13:  The Club agreed to produce documents and communications regarding the decision to expel Ms. Horchow and/or Dr. Fearon, as well as all documents review by or created by the Club in coming to that decision.  Despite that agreement, the Document Productions do not contain a single document reflecting the convening of the Disciplinary Committee to consider expelling Ms. Horchow, and includes only one document convening the committee to consider the appeal of the expulsion decision.  Nor has the Club produced any documents considered at those meeting or reflecting those meetings, or how the decision to expel Ms. Horchow was reached.  This lack of documentation is particularly troubling in light of the Club's testimony that the decision to expel Ms. Horchow was not made by any committee or board, but rather by J. Graham Goldsmith, Kitty Goldsmith, Alan J. Worden, and John Cowden without giving Ms. Horchow the benefit of a hearing as required under the Club's membership plan.  Documents responsive to these requests are directly relevant to Ms. Horchow's breach of contract claim, and to showing bad faith on the part of the Club.  *See, e.g.*, *Casey v. Allen Harbor Yacht Club, Inc.*, 2007 WL 5578210, at *3 (Mass. Super. Oct. 11, 2007) (concluding judicial review is available to determine whether an expulsion decision "has been ***reached in good faith***, and whether the action appears to have been within the exercise of sound reason or to have been ***capricious, arbitrary and irrational***") (emphasis added).

RFP 14:      The Club agreed to produce documents and communications regarding the decision to expel Dr. Fearon as well as all communications with Dr. Fearon. Despite this agreement, the letter affirming Dr. Fearon's expulsion (which the Club's 30(b)(6) representative testified was sent) was not included in the

Document Productions.   Nor did the Document Productions include communication with Dr. Fearon requesting such a meeting, scheduling such a meeting, or documenting decisions reached by the Disciplinary Committee. Please confirm that the Club will produce that document, and any others in this category, immediately.

**Deficient ROG Responses:**

ROG 8:    The Club has no basis for withholding information regarding cases in which it was sued by a member.  The fact that the Club may have been sued in other cases is not privileged, or subject to work product protection as the Club's ROG Responses suggest.  This information is directly relevant to Ms. Horchow's claim that she was expelled in bad faith and contrary to established procedure, as evidence of lawsuits by other members who were not subsequently expelled could be used to show disparate treatment, particularly in light of the Club's admission that no other members were expelled for suing the Club.  *See* ROG Responses, No. 9.  This information is also directly relevant to whether Ms. Horchow's expulsion was conducted following the required procedure and whether such procedures were followed for other members facing disciplinary proceedings.  This information is readily available to the Club and should be provided.

ROGs 11–13: Information regarding the Club's membership directories and Online Portal, including the dissemination of information regarding whether an individual is the "Member" or "Member's spouse", is directly relevant to Ms. Horchow's diligence in raising the issue of the Club's wrongful listing of Dr. Fearon as the primary member under her membership.  The Club has indicated that Ms. Horchow's claims related to the transfer of her membership to Dr. Fearon may be barred by the statute of limitations.  We understand the Club's refusal to produce these documents that are directly relevant to that issue to indicate that the Club does not intend to raise a statute of limitations or laches argument with respect to Ms. Horchow's claims.

Further, the membership directories and any compilation of members the Club maintains are themselves directly relevant to showing whether and when Ms. Horchow's membership was transferred to Dr. Fearon as the primary member. This transfer, which the Club agrees was never requested by Ms. Horchow, is a violation of the Club's Membership Plan.  The Club's refusal to provide any information about the directories is unsupported.

Production of information regarding the Club's Online Portal, Clubessential, is necessary considering the Club's 30(b)(6) representative's deposition testimony, in which he disclaimed all knowledge of the process by which the Online Portal was populated with membership information.

The Club's failure to adequately respond to Ms. Horchow's discovery requests prejudices Ms. Horchow's ability to prosecute her claims against the Club, particularly considering the relatively short discovery window contemplated by the Court's scheduling order.  The Club's oft-repeated belief that this dispute is a simple matter of contesting the expulsion of Ms. Horchow is inconsistent with Ms. Horchow's Complaint, and the fact adduced to date in discovery.  While Ms. Horchow believes this case is a relatively narrow factual dispute, which should be capable of resolution without the need for discovery motion practice, the Club's Discovery Responses and Document Productions are deficient and prejudicial to her.  Please confirm that the Club will correct these issues.

Ms. Horchow reserves all rights, including the right to file a motion to compel.  We further request that you provide your availability to meet and confer on these issues this week.


Best regards,

Hayley Trahan-Liptak

4