# <u>Exhibit 10</u>



**Deposition of:**   Dr. Jeffrey Fearon


**Case:**   ITMOTMO: R.H.F. and J.A.F. AND IN THE INTEREST OF F.F. AND S.F., CHILDREN


**Date:**   12/11/2024


**Prepared by:**

**Elite Deposition Technologies, Inc.**
**400 N. Saint Paul Street, Suite 1340**
**Dallas, TX 75201**
**866-896-2626**
**www.elitedeps.com**
**deps@elitedeps.com**

HORCHOW_0390

CAUSE NO. DF-19-21053

IN THE MATTER OF                ) IN THE DISTRICT COURT
THE MARRIAGE OF                 )
                                )
R.H.F.                          ) 303rd JUDICIAL DISTRICT
AND                             )
J.A.F.                          )
                                )
AND IN THE INTEREST OF          )
F.F. AND S.F., CHILDREN         ) DALLAS COUNTY, TEXAS

```
***********************************
    ORAL AND VIDEOTAPED DEPOSITION OF
          DR. JEFFREY FEARON
          DECEMBER 11, 2024
              VOLUME 1
***********************************
```

ORAL AND VIDEOTAPED DEPOSITION OF DR. JEFFREY FEARON, produced as a witness at the instance of the Petitioner, and duly sworn, was taken in the above-styled and numbered cause on the 11th day of December, 2024, from 9:36 a.m. to 12:26 p.m., before Amanda Lewis-Sherlock, CSR, in and for the State of Texas, reported by machine shorthand method, at the law offices of Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

paragraph 4, paragraph 4 asks you to:  "State the amount and method of calculating economic damages" that you are claiming in the context of this case that's pending here in Texas.

In the middle of the paragraph -- response in paragraph 4, your attorney, on your behalf, states: "The value of the Westmoor Club membership, if lost, of approximately $400,000."

Can you tell me the basis of your claim for the value of the membership in the Westmoor Club, if lost, of $400,000?

What is the basis of your claim for that?

A.  That figure was derived -- from my understanding -- that if you sell the membership, you get 80 percent of the value that someone would have to pay to get a new membership and that the new membership value was $500,000, which would make the club membership worth 400,000 were we to sell it.

Q.  And why do you think you are entitled to that damage?

A.  Because I funded the majority of all the monies that were spent during our marriage.

Q.  On what basis do you believe that you funded anything to do with the Westmoor Club membership?

A.  Knowing my wife's employment status, knowing

her -- the basics of her finances, knowing my income, and that I put all the money into the accounts, that was the basis of that statement.

MS. O'NEIL:  Objection, nonresponsive.

Q.  (BY MS. O'NEIL)  Based on the evidence that I have shown you where her father funded the initial membership, based on the account statement from the Westmoor Club where either her account or a joint account tenants-in-common funded the payments to the Westmoor Club, on what basis do you believe that you are entitled to receive any economic damage based on the Westmoor Club membership if it is lost?

A.  As I stated, it is my belief that I funded the majority of our lifestyle.  I paid for all the club dues.  I paid for the majority of our lifestyle, so it's on that basis.

MS. O'NEIL:  I'm going to state for the record that I believe that that statement is a breach of the premarital agreement, a breach of the Agreement Incident to Divorce.

I believe that your current pleadings are a breach of the premarital agreement and a breach of the Agreement Incident to Divorce.

I request that Counsel withdraw the statement in the Request for Disclosure, and withdraw

funds.

A.   The part that you selected that we read --

MR. HOFFMAN:  Objection, form.

A.   -- it does say that.  Yes.

Q.   (BY MS. O'NEIL)  So your paragraph 4 is directly conflicting with your premarital agreement, isn't it?

MR. HOFFMAN:  Objection, form.

A.   I'm not certain that it is.  But I'm not saying it isn't.

Q.   (BY MS. O'NEIL)  Well, I'm going to tell you I think your paragraph 4 here breaches your premarital agreement.

A.   I understand you're saying that.

MR. HOFFMAN:  Objection, form.

Q.   (BY MS. O'NEIL)  And I'm going to tell you that I have given you two weeks to unbreach your premarital agreement or I'm going to sue you for breach.

MR. HOFFMAN:  Objection, argumentative.

A.   Okay.

Q.   (BY MS. O'NEIL)  In paragraph 5, you go on to say that you continued to pay 100 percent of the membership dues following the divorce from your separate property funds.

And I believe the same exhibit shows you

that that is an untrue statement as well.

A.   That exhibit does not show that.   But I will agree with you that that is not a completely true statement.

Q.   So what you have now said is that you've filed a pleading with untrue statements in it?

MR. HOFFMAN:   Objection, form.

A.   Yes.

Q.   (BY MS. O'NEIL)   And what I'm going to tell you again is that I am full of grace at the Christmas season.   And I'm going to give you until January to fix this and correct yourself.   But if I get back in January and it's not fixed, I'm going to file pleadings to address it.

A.   Okay.

MR. HOFFMAN:   Objection, form.

Q.   (BY MS. O'NEIL)   But I honestly, sir, believe that the better resolution is to just give this thing to your kids and get this thing over with.

MS. O'NEIL:   Pass the witness.

MR. HOFFMAN:   Can we take a break just for a second?   I might have a couple questions, but I don't know yet.

VIDEOGRAPHER:   Going off the record at 12:16 p.m.

Deposition of Dr. Jeffrey Fearon                                    12/11/2024

(Recess from 12:16 to 12:22.)

VIDEOGRAPHER:  Going on the record at 12:22 p.m.

EXAMINATION

BY MR. HOFFMAN:

Q.  Dr. Fearon, I just have a few follow-up questions just to make sure the record is clear.  I want to start with the Westmoor Club.

In Petitioner's Exhibit 16, isn't it true that you signed the document as the applicant?

A.  Yes.

Q.  Throughout the course of your marriage, did Ms. Horchow's father give gifts directly to you?

A.  Yes.

Q.  The checks that are attached to Exhibit 16, are they written to Ms. Horchow?

A.  No.  They are written to the Westmoor Club directly.

Q.  To your knowledge, have you always been listed as the primary member of the Westmoor Club?

A.  Yes.

Q.  The payments that have gone to the Westmoor Club since the initial fees, is it your testimony that the majority of them came from your income?

A.  Yes.

Elite Deposition Technologies, Inc.                              800-896-2626