# **Exhibit 12**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REGEN HORCHOW, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:25-Cv-11008-WGY |
| THE WESTMOOR CLUB, LLC, | ) | |
| Defendant. | ) | |

**REGEN HORCHOW'S RESPONSES AND OBJECTIONS TO
THE WESTMOOR CLUB'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the District Court for the District of Massachusetts ("Local Rules"), plaintiff Regen Horchow (the "Plaintiff" or "Ms. Horchow") hereby responds to defendant the Westmoor Club's (the "Defendant" or "Club") First Set of Interrogatories to Plaintiff (the "Interrogatories").

**GENERAL OBJECTIONS**

Ms. Horchow's responses to the Interrogatories are made subject to and without waiver of the following general objections:

1.      The following objections and responses are based upon information now known to Plaintiff. Discovery is still in progress and Plaintiff has not completed her discovery or preparation for trial in this action. Plaintiff expressly reserves the right to amend, modify, or supplement the objections and responses below as she deems necessary in light of additional information, documents or materials that are discovered or disclosed in the course of this matter.

2.      Plaintiff objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose obligations upon Plaintiff that are greater than or

1

requires Plaintiff to produce records for more than two decades constitutes an oppressive demand.

### INTERROGATORY NO. 6

Please identify each and every communication, including but not limited to oral communications, that you had with the Club about the Membership.

### RESPONSE TO INTERROGATORY NO. 6:

Plaintiff objects to Interrogatory No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case as the interrogatory seeks information regarding "each and every communication" without any temporal scope. Plaintiff further objects to the interrogatory as not proportional to the needs of the case as "each and every communication" regarding the Membership includes information regarding activities not related to the Complaint. Given Plaintiff's membership at the Club since 2004, Interrogatory No. 6 seeks over twenty-one years of communication, oral or written, with any representative or employee of the Club.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states as follows:

- Plaintiff met in person with Kitty Goldsmith on or about July 2004 to tour the Club and discuss membership at the Club. In attendance at that meeting was Plaintiff, her father, Roger Horchow, her sister, Elizabeth Routman, and Kitty Goldsmith;

- Plaintiff spoke by telephone with a Club representative between September 2019 and April 2021 regarding the ability of divorced members to share a Club membership;

- Before the summer of 2021, Plaintiff informed the Club in a telephone conversation that she and Mr. Fearon were divorced;

- On Plaintiff spoke with Laurie Cowden on or about April 6, 2021 regarding her

7

## **VERIFICATION**

I, Regen Horchow, state under the penalties of perjury, as follows:

I am the plaintiff in this action. I have reviewed the responses to The Westmoor Club, LLC's First Set of Interrogatories and believe them to be true and correct based upon my knowledge. The responses provided are, to the best of my knowledge, based on information currently available and recollected while preparing these responses, subject to any inadvertent or undiscovered errors. I reserve the right to amend these responses should omissions or errors be identified or more accurate information become available. Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

Signed by:

Regen Horchow

EC5EB34D03CA4B4...

Regen Horchow