# **<u>Exhibit 20</u>**



GUNSTER
FLORIDA'S LAW FIRM FOR BUSINESS

Our File Number: 00033539.00001
Writer's Direct Dial: 561.650.0669
Writer's E-Mail Address: EMarod@gunster.com

July 20, 2023

**VIA EMAIL**
jwf@fitchlp.com

Jonathan W. Fitch
Fitch Law Partners LLP
84 State Street
Boston, MA 02109

Re:   Suspension of Regen Horchow and Jeffrey Fearon's Westmoor Club
Membership

Dear Mr. Fitch:

This firm acts as corporate counsel for The Westmoor Club. In that capacity I've been asked to respond to your letter of July 17th, 2023, to John J. Cowden, Jr., the general manager of the Club. We understand that you represent Ms. Regen Horchow.

The main information that I wish to convey is that membership in The Westmoor Club is a matter of contract. The contract consists of the application form, The Westmoor Club Membership Plan as amended, and various other related documents including the House Rules and Etiquette published in the Club Membership Directory. Copies of the application on file, the current version of the Plan and the most recent Club Membership Directory are enclosed.

Under the terms of the Plan, it is clear that:

Memberships may only be owned individually.

Plan, p. 3. Your letter, as well as correspondence from Alexander S. del Nido, Esq., counsel for your client's former husband, Jeffrey Fearon, make clear that there is a dispute between your client and her former husband concerning which of them is the individual owner of the membership. With respect to such disputes arising from a divorce, the Plan states:

In the case of divorce of a married Member, the membership shall belong to the spouse designated on the Membership Application as the Member unless otherwise provided by agreement between the parties or by court order. If the membership is awarded to the non-member spouse by settlement agreement or court order, the non-member spouse must apply and be approved for membership by the Club. In the event the non-member spouse is not approved for membership, the membership will be deemed resigned.

Phillips Point, Suite 500 East, 777 South Flagler Drive • West Palm Beach, FL 33401-6194 | 561-655-1980 | Fax: 561-655-5677 | www.gunster.com
BOCA RATON • FORT LAUDERDALE • JACKSONVILLE • MIAMI • NAPLES • ORLANDO • PALM BEACH • STUART • TALLAHASSEE • TAMPA
• VERO BEACH • WEST PALM BEACH

HORCHOW_0307

Jonathan W. Fitch
July 20, 2023
Page 2

Id., p.7. The Plan also provides:

> The Club will not become involved in disputes regarding any membership in the
> Club. In the case of such disputes, the Club may (but will not be required to) at any
> time, at its discretion, suspend all of the privileges associated with the membership in
> question until the dispute is resolved and the Club receives evidence, satisfactory to
> it, of the resolution of the dispute. During the dispute, all dues and charges must
> continue to be paid. Failure to pay all dues and charges may result in forfeiture of the
> membership. The Club may require any evidence it deems necessary to determine
> eligibility for use privileges and may terminate the use privileges of any person in
> order to prevent abuses of the intent of this Membership Plan.

Id., p. 8. In other words, it is up to your client and her former husband to obtain resolution of
this dispute, either in court or by mutual agreement, and present to the Club proof satisfactory to
it in order that the membership be brought into compliance with the Plan.

On behalf of the Club, I hereby reject the demand set forth in your letter that (a) The
Westmoor Club shall immediately affirm her Membership in the Westmoor Club, (b) The
Westmoor Club shall immediately deny Jeffrey Fearon any privilege to use the club facilities
during the remainder of the 2023 season and beyond, and (c) The Westmoor Club shall pay her
the sum of $25,000 to compensate her for the aggravation, upset and emotional pain she has
suffered. As explained above, the parties agreed when the membership was granted that the
Club would not become involved in disputes regarding any membership. The dispute about the
membership must be resolved between the disputing parties. While the Club may have evidence
relevant to the dispute, which it will share with the parties if properly requested, it is
constitutionally without the power to decide the dispute. Your letter lists a number of discrete
facts that you might be able to use as evidence which may or may not be persuasive to the
judicial body that ultimately is charged with that deciding that issue. However, under the contract
that governs, that is not for the Club to decide.

As for our client's reactivation of the membership after your client's direction that the
Club suspend the membership for this season, to the best of our knowledge, our client did not
hear from your client or any of her representatives that there was or even could be a dispute
about the suspension of the membership until one of your client's daughters recently sought to
use the Club. When it learned of the dispute, it immediately exercised its discretion under the
terms of the contract to lift the suspension through the end of the present Season. This should
give your client and her ex-husband plenty of time to work things out before next year's season
begins.

Sincerely,

Edward A. Marod

Edward A. Marod

EAM/jmf

ACTIVE 19311632.1

HORCHOW_0308