# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGEN HORCHOW,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE WESTMOOR CLUB, LLC,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:25-cv-11008-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**THE WESTMOOR CLUB, LLC'S ANSWERS TO
PLAINTIFF REGEN HORCHOW'S  FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, The Westmoor Club, LLC (the "Club") hereby objects and responds to Regen Horchow's ("Plaintiff" or "Ms. Horchow") First Set of Interrogatories ("Interrogatories") as follows.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

1.      The Club hereby expressly reserves and does not waive or prejudice any objections it may later assert, including, without limitation, objections as to the competency, authenticity, relevance, materiality or admissibility of any information sought by or provided in response to the Interrogatories.

2.      The Club's answers to the Interrogatories are based upon information now available to it. The Club expressly reserves the right to complete its legal investigation and discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents and information provided regardless of whether such documents or information are newly discovered or currently in existence. In addition, the Club may in the future obtain or learn additional information responsive to the Interrogatories. Therefore, it reserves the right, at any time, to revise, amend,

1

correct, supplement, modify or clarify its answers and/or objections to the extent required by the Federal Rules of Civil Procedure and any local rule.

3. The Club reserves the right to rely, at the time of trial or in other proceedings in this action, upon information, answers and evidence in addition to those provided in response to the Interrogatory.

4. The Club's answers are based upon, and therefore are limited by, records and information still in existence, presently recollected and/or thus far discovered. Consequently, it reserves the right to make changes to any answer if it appears that any inadvertent errors or omissions have been made or additional or more accurate information becomes available.

### GENERAL OBJECTIONS

The Club asserts the following General Objections, assertions of privileges and reservations of rights (collectively, the "General Objections"). Each individual answer to the Interrogatories is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth in each response.

1. The Club objects to the Interrogatories to the extent that they purport to require the disclosure of information beyond the scope permitted by the Federal Rules of Civil Procedure or other applicable law.

2. The Club objects to the Interrogatories to the extent they seek information in the possession, custody or control of persons or entities other than the Club, on the grounds that such production is beyond the scope of the Federal Rules of Civil Procedure, local rule and other applicable law.

3. The Club objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable

2

privilege, immunity, or protection. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

4.    The Club objects to the Interrogatories to the extent that they call for the disclosure of confidential information, including information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

5.    The Club objects to the Interrogatories to the extent they seek information not relevant to the claims or defenses in this action. The Club further objects to the Interrogatories to the extent they seek information not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence.

6.    The Club objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad and/or unduly burdensome.

7.    The Club makes these responses without waiving or intending to waive, but rather preserving and intending to preserve:

    A.    All questions as to the competency, relevance, responsiveness, materiality, privilege, and admissibility as evidence for any purpose of the information disclosed in response to the Interrogatories, or the subject matter thereof, in this or any subsequent proceeding, including the trial of this or any other action;

    B.    The right to object on any ground to the use of any information produced or disclosed in response to the Interrogatories, or the subject matter thereof, in this or any subsequent proceeding, including the trial of this or any other action;

    C.    The right to object on any ground at any time to any demand for further responses to these or any other Interrogatories or other discovery procedures involving or relating to the subject matter of the Interrogatories responded to herein; and

D.  The right at any time to revise, correct, add to, or clarify any of the responses provided herein.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The Club objects to Plaintiff's Definitions and Instructions to the extent each instruction and definition impermissibly alters and/or expands the obligations under or information required under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify all periods of time from August 1, 2004 to October 10, 2024 when Ms. Horchow was a "Member" or "Primary Member" of the Club.

### RESPONSE NO. 1

The Club objects to this interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the grounds that Plaintiff already has, or should have, this information. Subject to and without waiving the foregoing objections, the Club states that Ms. Horchow was a member of the Club from August 15, 2004 to October 10, 2024.

## INTERROGATORY NO. 2

Identify all periods of time from August 1, 2004 to October 10, 2024 when Ms. Horchow was a "Spouse" or "Secondary Member" of the Club.

### RESPONSE NO. 2

The Club objects to this interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the grounds that Plaintiff already has, or should

4

have, this information. Subject to and without waiving the foregoing objections, the Club states that Ms. Horchow was the spouse member of the membership shared with Dr. Fearon from August 15, 2004 to October 10, 2024.

**INTERROGATORY NO. 3**

Describe in detail the process by which the Club determined to admit Ms. Horchow as a Member of the Club.

**RESPONSE NO. 3**

The Club objects to this interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the grounds that Plaintiff already has this information. Subject to and without waiving the foregoing objections, the Club states that J. Graham Goldsmith, Katherine ("Kitty") Goldsmith, Alan J. Worden, and Peter Hicks reviewed the Membership Application attached to Plaintiff's Complaint at Exhibit 1 and determined to admit Ms. Horchow and Mr. Fearon as members of the Club.

**INTERROGATORY NO. 4**

Describe in detail the process by which the Club determined to transfer the Membership to Dr. Fearon.

**RESPONSE NO. 4**

The Club objects to this interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the ground that it assumes incorrect facts and premises and to the extent the term "the Membership" is undefined. Subject to and without waiving the foregoing objections, the Club states that it did not transfer a membership to Dr. Fearon.

5

**INTERROGATORY NO. 5**

Describe in detail the process by which the Club determined it should expel Ms. Horchow on October 10, 2024.

**RESPONSE NO. 5**

The Club objects to this interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the ground that Plaintiff already has, or should have, this information. The Club further objects to this interrogatory to the extent it seeks materials protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege.

Subject to and without waiving the foregoing objections, the Club states the following: After Ms. Horchow involved the Club in her and Dr. Fearon's dispute concerning the ownership of the Club membership – a matter on which the Club took no position and did not need to be involved in – and forced the Club and its personnel to expend money and time unnecessarily to defend the Club in her divorce in a foreign jurisdiction, the Club determined that Ms. Horchow's highly adversarial and wrongful conduct, in the Club's sole judgment, was so improper as to justify her expulsion from the Club. Ms. Horchow thereafter appealed the Club's decision to expel her. After a hearing before the Club's Appeal Committee, during which Ms. Horchow was represented by counsel and was afforded an opportunity to present argument, the Club's Appeal Committee affirmed the Club's decision to expel Ms. Horchow.

**INTERROGATORY NO. 6**

Identify all individuals involved in the decision to expel Ms. Horchow on October 10, 2024.

**RESPONSE NO. 6**

The Club objects to this interrogatory on the grounds that it is vague, irrelevant to the

claims and defenses at issue in this case, and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory on the ground that Plaintiff already has, or should have, this information. The Club further objects to this interrogatory to the extent it seeks materials protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege. Subject to and without waiving the foregoing objections, the Club states that the following individuals made the decision to expel Ms. Horchow on October 10, 2024:

- J. Graham Goldsmith; c/o Todd & Weld LLP.

- Kitty Goldsmith; c/o Todd & Weld LLP.

- Alan J. Worden; c/o Todd & Weld LLP.

**INTERROGATORY NO. 7**

Identify all instances in which the Club has been made a party to a lawsuit between Members or between a Member and a Member's spouse.

**RESPONSE NO. 7**

The Club objects to this interrogatory on the grounds that it is designed and intended to harass the Club, is wholly irrelevant to the claims and defenses at issue in this case, and is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is already in the possession of Plaintiff or is equally available to Plaintiff. The Club further objects to this interrogatory to the extent it seeks materials protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege. Subject to and without waiving the foregoing objections, the Club responds to the interrogatory as follows: Dallas County, Texas District Court action Regen Horchow v. The Westmoor Club, LLC and Jeffrey Fearon, Case Number DC-23-13481.

7

**INTERROGATORY NO. 8**

Identify all instances in which the Club has been sued by a Member.

      **RESPONSE NO. 8**

      The Club objects to this interrogatory on the grounds that it is designed and intended to harass the Club, is wholly irrelevant to the claims and defenses at issue in this case, and is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is already in the possession of Plaintiff or is equally available to Plaintiff.  The Club further objects to this interrogatory to the extent it seeks materials protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege.  On the basis of the foregoing objections, the Club will not answer this interrogatory.

**INTERROGATORY NO. 9**

Identify all instances in which the Club has expelled a Member as a result of being made a party to a lawsuit involving that Member.

      **RESPONSE NO. 9**

      The Club objects to this interrogatory on the grounds that it is designed and intended to harass the Club, is wholly irrelevant to the claims and defenses at issue in this case, and is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Club further objects to this interrogatory to the extent it seeks materials protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege. Subject to and without waiving the foregoing objections, the Club responds to the interrogatory as follows: None.

**INTERROGATORY NO. 10**

Describe all instances in which the Club admitted as a Member the person listed as "Spouse" on

8

the Membership Application.

**RESPONSE NO. 10**

The Club objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Club states that the person listed as "Spouse" on a membership application accepted by the Club is admitted to the Club as a member.

**INTERROGATORY NO. 11**

Describe in detail how the Club's Membership directories are shared, made available, or otherwise distributed to Members.

**RESPONSE NO. 11**

The Club objects to this interrogatory as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Club further objects to this interrogatory to the extent the term "Membership directories" is vague and undefined. On the basis of the foregoing objections, the Club will not answer this interrogatory.

**INTERROGATORY NO. 12**

Describe in detail the Club's Online Portal including:

    a.  The purposes for which the Club utilizes its Online Portal;

    b.  The date on which the Club began using an Online Portal;

    c.  The information available to Members and spouses through their "Member profile" on the Club's Online Portal at the inception of the Online Portal;

    d.  The underlying source of the information available on the Online Portal;

    e.  The dates of any revision to the Online Portal that impacted the type of information available to Members and spouses through their "Member profile" on the Club's Online Portal; and

    f.  The information available to Members and spouses through their "Member profile" on the Club's Online Portal after each such revision.

9

**RESPONSE NO. 12.**

The Club objects to this interrogatory as overbroad, irrelevant, compound, not reasonably calculated to lead to the discovery of admissible evidence, and contains subparts that are unrelated to the interrogatory. The Club further objects to this interrogatory on the grounds that Plaintiff already has, or should have, this information. On the basis of the foregoing objections, the Club will not answer this interrogatory.

**INTERROGATORY NO. 13**

Describe in detail any method by which a Member or Member's spouse could ascertain whether the Club listed them as the Member as defined in the Membership Plan, or as a Member's spouse.

**RESPONSE NO. 13**

The Club objects to this interrogatory as overbroad, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. On the basis of the foregoing objections, the Club will not answer this interrogatory.

10

## VERIFICATION

I, John Cowden, state under the penalties of perjury, as follows:

I am the General Manager of the Westmoor Club and an authorized representative of The Westmoor Club, LLC. I have reviewed The Westmoor Club, LLC's Responses to Regen Horchow's First Set of Interrogatories and believe them to be true and correct based upon my knowledge, except where I have answered upon information and belief. The responses provided are, to the best of my knowledge, based on information currently available and recollected in the course of preparing these responses, subject to any inadvertent or undiscovered errors. The Westmoor Club, LLC reserves the right to amend these responses should omissions or errors be identified or if more accurate information becomes available. Subject to these qualifications, I affirm that the responses are true to the best of my knowledge, information, and belief.

The Westmoor Club, LLC

By: _____

John Cowden

General Manager, Westmoor Club

As to Objections:

/s/ Meghan E. Huggan

Tyler E. Chapman (BBO # 637852)
Meghan E. Huggan (BBO # 708122)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
tchapman@toddweld.com
mhuggan@toddweld.com

Dated: March 16, 2026

11

## CERTIFICATE OF SERVICE

I, Meghan E. Huggan, hereby certify that on this 16th day of March, 2026 the foregoing was served via email upon all counsel of record to this matter.

/s/ Meghan E. Huggan

Meghan E. Huggan (BBO # 708122)