# Exhibit 8

CAUSE NO. DC-23-13481

| | | |
|---|---|---|
| REGEN HORCHOW, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE WESTMOOR CLUB, LLC, and | § | |
| JEFFREY FEARON, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | 134TH JUDICIAL DISTRICT |

## DEFENDANT THE WESTMOOR CLUB, LLC'S SPECIAL APPEARANCE

Defendant The Westmoor Club, LLC (" Westmoor Club") specially appears pursuant to Texas Rule of Civil Procedure 120a and, prior to filing any other pleading, respectfully requests the Court sustain its sworn Special Appearance and dismiss Plaintiff Regen Horchow's claims against Westmoor Club for lack of personal jurisdiction.

### I.　INTRODUCTION

1.　　This Court lacks both general and specific personal jurisdiction over Westmoor Club. Westmoor Club is a Massachusetts LLC doing business only in Nantucket, Massachusetts. It was formed under the laws of the State of Massachusetts and maintains its headquarters and principal place of business in Nantucket, Massachusetts. Westmoor Club does not do business in Texas, does not maintain a registered agent in Texas, has no agents or employees in Texas, and

therefore cannot be considered essentially "at home" in Texas. Thus, there is no basis for exercising general jurisdiction over it in Texas.

2.    Similarly, because Westmoor Club does not have the requisite specific contacts with this forum, this court cannot exercise specific personal jurisdiction over it. Westmoor Club does not conduct any business in Texas. Westmoor Club does not have a mailing address, office, or employees residing in Texas. Westmoor Club has not been a party to any litigation or governmental enforcement proceeding in Texas. Westmoor Club has not paid taxes to the State of Texas.

3.    With regard to the subject contract with Plaintiff's parents, Westmoor Club only sent bills for payment of club dues to Plaintiff's parents. The operative case law is clear: mailing bills to the individuals in the forum state is an insufficient basis for personal jurisdiction.

4.    Plaintiff alleges Westmoor Club purposefully availed itself of the jurisdiction in Texas because it took advantage of conducting "marketing activities" within the state. However, the alleged single telephone call Plaintiff cites as "marketing activity" amounts to nothing more than a single fortuitous, random, and attenuated contact with the State of Texas. A single phone call does not evidence a marketing scheme sufficient to warrant the exercise of jurisdiction in Texas. Westmoor Club knew Plaintiff's parents and contacted Plaintiff's parents solely because – as Plaintiff admits – Plaintiff's family were prominent members of the Nantucket community, spending summers there for decades and entrenching themselves in the community. Plaintiff's actions, including traveling to Nantucket, Massachusetts to tour Westmoor Club, are inconsequential to the specific personal jurisdiction analysis. Thus, Plaintiff has failed to meet its burden of pleading facts sufficient to justify the exercise of jurisdiction as to Westmoor Club.

5.    Accordingly, Westmoor Club's Special Appearance should be granted.

## II.   FACTS SUPPORTING SPECIAL APPEARANCE

6.      Defendant's special appearance is supported by the declaration of Laurie Cowden, attached as Exhibit A, and incorporated herein.

7.      On August 29, 2023 Plaintiff filed this action against Westmoor Club and Defendant Fearon. Plaintiff alleges breach of contract with respect to a private membership at the Westmoor Club, and civil conspiracy to defraud Plaintiff of her contractual rights, privileges, and financial interests in the Westmoor Club membership.[1]

8.      Among generalized boilerplate jurisdictional assertions, Plaintiff cites only three jurisdictional facts about Westmoor Club.  She claims:  (1) Westmoor Club has committed the torts of fraud, in whole or in part, within Texas; (2) Westmoor Club has, wholly or in part, breached its contract with the Plaintiff in Texas; and (3) Westmoor Club placed a single phone call to Plaintiff in Texas.[2] As detailed below, Plaintiff's jurisdictional allegations as to Westmoor Club are inadequate for the exercise of jurisdiction in Texas.

9.      Westmoor Club is a Massachusetts LLC formed under the laws of Massachusetts, with its headquarters and principal place of business in Nantucket, Massachusetts.[3] Westmoor Club is a private, membership-only club on Nantucket Island catering to families with children, offering swimming pools, tennis courts, a restaurant, and a plethora of other amenities attractive to families.[4] Westmoor club does not have direct ownership in any entity in Texas or have any involvement with any projects in Texas.[5]

---

[1] Pl.'s Orig. Pet., ¶¶ 44, 48.
[2] *Id.* ¶¶ 5, 6, 12.
[3] Ex. A, L. Cowden Decl. ¶ 3.
[4] *Id.* ¶ 4.
[5] *Id.* ¶¶ 6,8.

10.     Plaintiff and her family spent decades of summers in the Nantucket community. In fact, Plaintiff admits that her family is a prominent member of the Nantucket community.[6] Westmoor Club knew of Plaintiff's parents only because of their time spent in Nantucket.[7]

11.     Westmoor Club does not have a systematic and continuous presence in Texas because it does not regularly conduct business in Texas.[8] Westmoor Club does not have any employee, officer, agent, director, or representative residing in the State of Texas.[9] Still, Plaintiff seeks to have this Court exercise personal jurisdiction of Westmoor Club, a Massachusetts entity.

12.     Westmoor Club has not made a general appearance in this action. Accordingly, Westmoor Club timely and properly files this Special Appearance before filing any other pleading, response, or general appearance in this action.[10]

### III.    ARGUMENT & AUTHORITIES

13.     The Due Process Clause of the United States Constitution "guarantees that a party cannot be bound by the judgments of a forum with which the party has established no *meaningful* contacts, ties or relations."[11] For this Court to exercise personal jurisdiction over Westmoor Club, Plaintiff bears the burden to establish that: (1) the Texas long-arm statute authorizes jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees.[12] Because Texas's long-arm statute is coterminous with the limits of due process, these two requirements are the same.[13]

---

[6] Pl.'s Orig. Pet., ¶ 10.
[7] Ex. A., L. Cowden Decl. ¶ 9.
[8] *Id.* ¶ 8.
[9] *Id.* ¶ 5.
[10] *See* TEX. R. CIV. P. 120a.
[11] *See Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769 (Tex. 1995).
[12] *TV Azteca v. Ruiz,* 490 S.W.3d 29, 36 (Tex. 2016).
[13] See TEX. CIV. PRAC. & REM. CODE § 17.042(2); *TV Azteca, S.A.B. de C. V. v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) ("Because [the long-arm] statute reaches as far as the federal constitutional requirements for due process will allow, Texas courts may exercise jurisdiction over a nonresident so long as doing so comports with federal due process limitations.") (internal quotations omitted)

14.     To meet its burden, a plaintiff must allege facts that, if true, would make the nonresident defendant subject to personal jurisdiction in a Texas court.[14] Plaintiff must allege that a non-resident defendant committed an act *in Texas* or that its acts outside of Texas had reasonably foreseeable consequences *in Texas*.[15] If a plaintiff fails to meet this burden, the defendant can negate all potential basis of jurisdiction simply by presenting evidence that it is a nonresident.[16] In *Kelly v. Gen. Interior Constr., Inc*, the Supreme Court of Texas found no personal jurisdiction because the plaintiff's pleadings lacked "Texas-specific allegations".[17] In response, the *Kelly* defendants proved they did not live in Texas, and the plaintiff was unable to present evidence to the contrary.[18]

15.     In the present case, Plaintiff fails to plead Texas-specific jurisdictional allegations. The only facts pleaded are that Westmoor Club placed a phone call to Plaintiff, which Plaintiff received while in Texas and Westmoor sent club dues invoices to Plaintiff. Neither fact is sufficient to establish the meaningful connection to the forum state sufficient to meet Plaintiff's burden. When "the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute, the defendant need only prove that it does not live in Texas to negate jurisdiction."[19] On this basis alone, Defendant's Special Appearance must be sustained and Plaintiff's case against Westmoor Club be dismissed.

---

[14] *TV Azteca,* 490 S.W.3d at 35.

[15] *Kelly v. Gen. Interior Const., Inc., 301S.W.3d 653, 658 (Tex. 2010). See also Siskind v. Villa Found. for Educ., Inc.* 642 S.W.2d 434, 438 (Tex. 1982) ("[T]he only evidence offered to negate jurisdiction was [a defendant's] testimony that she and the other individuals were residents of Arizona....In view of [the plaintiffs] failure to allege any act by these individuals in Texas, we believe that the [defendants] have sustained their burden.").

[16] *Id.*

[17] *Id.* at 661.

[18] *Id.*

[19] *Id.* at 658-59.

**A.      Westmoor Club is not subject to general personal jurisdiction in Texas.**

16.      A court may exercise general jurisdiction over a non-resident defendant only when that defendant's contacts with the forum state are so systematic and continuous "as to render [it] essentially at home in the forum state."[20] Only a limited set of circumstances will render a corporation "at home" sufficient to justify the exercise of general jurisdiction: when the corporation is incorporated in the forum state or has its principal place of business there.[21] A corporate defendant will be subject to general jurisdiction in a forum other than its place of incorporation or principal place of business only in an exceptional case in which its affiliations with that forum are so substantial as to render it at home there.[22] It is not enough that a corporation may be "doing business" in the forum state.[23]

17.      Plaintiff has failed to establish Westmoor Club has continuous or systematic contacts with Texas. Westmoor Club's business operations are concentrated in Massachusetts, not Texas.[24] This Court may not exercise general jurisdiction over Westmoor Club as it is not incorporated in Texas, its principal place of business is in Nantucket, Massachusetts, and this case does not present an exception case where Westmoor Club's affiliations with Texas are so substantial as to render it at home in Texas.[25] General jurisdiction requires the non-resident defendant's contacts be substantial, continuous, and systematic;[26] Here, Westmoor Club's contacts are not.

---

[20] *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 919 (2011)).
[21] *Goodyear*, 564 U.S. at 924 (citation omitted).
[22] *BNSF Ry. Co. v. Tyrrell*, U.S.137 S. Ct. 1549, 1558 (2017); *Daimler AG*, 571 U.S. at 139 n.19.
[23] *See Daimler,* 571 U.S. at 139 n. 20.
[24] Ex. A., L. Cowden Decl. ¶ 5.
[25] *Id.*; *see also* Ex. A, L. Cowden Decl. ¶ 3.
[26] *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 416-17 (1984).

18.    Further, Westmoor Club has not engaged in sufficient activities to render it "at home" in Texas for purposes of supporting general jurisdiction. Only in an "exceptional case" will a corporate defendant's operations in another forum become "so substantial and of such nature as to render the corporation at home in that state."[27] Such a high bar makes it "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[28] Plaintiff has not alleged Westmoor Club has any operations in Texas sufficient to render it "at home" in Texas or to otherwise meet the high bar for the exercise of general jurisdiction in Texas.

19.    In sum, Westmoor Club does not have continuous or systematic contacts with Texas and would not be considered "essentially at home" in Texas. Plaintiff did not plead facts to show an "exceptional case" of general personal jurisdiction. Therefore, Westmoor Club is not subject to general personal jurisdiction in Texas.

**B.    Westmoor Club is not subject to specific personal jurisdiction in Texas.**

20.    To establish specific jurisdiction over Defendant, Plaintiff must allege that: (1) Defendant purposefully availed itself of the privilege of conducting business activities in Texas; and (2) its claims arise from or relate to those activities.[29] The Texas Supreme Court has explained that specific jurisdiction requires the plaintiff to establish "a substantial connection between [the defendant's forum] contacts and the operative facts of the litigation."[30] The "operative facts" are those "that would be the focus of the trial."[31]

---

[27] *BNSF Ry. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (internal quotation marks omitted).
[28] *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).
[29] *Maki Mac River Expeditions, Inc. v. Drugg*, 221 S.W.3d 569, 675 (Tex. 2007).
[30] *Id.* at 585 (citations omitted).
[31] *Id.*

21.    For purposeful availment to be established, a defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing itself of the Texas jurisdiction.[32] "When assessing minimum contacts, we look only to the defendant's contact with the forum and not the "unilateral activity" of some third party to determine whether minimum contacts with the state are satisfied."[33]  Nor will "fortuitous" or "attenuated" contacts be relied upon to satisfy the requirements of due process.[34] Rather, whether due process is satisfied depends upon "the quality and nature of the activity in relation to the fair and orderly administration of the laws."[35] "The purposeful availment analysis looks to the defendants contacts with Texas itself, not contacts with people who reside there or contacts with any other jurisdiction."[36]

22.    Plaintiff fails to allege sufficient facts to establish Westmoor Club is subject to specific personal jurisdiction in Texas. Plaintiff's jurisdictional support is limited to the following allegations:

    a.  Defendants have committed the torts of fraud, in whole or in part, within Texas;

    b.  Defendant has, wholly or in part breached their contract with the Plaintiff in Texas; and

    c.  Defendant conducted marketing activities in Texas.[37]

### i.    *Plaintiff Did Not Plead That Any Fraudulent Acts Were Committed in Texas*

23.    First, regarding the alleged fraud, Plaintiff pleaded no facts showing Westmoor Club took any actions *in Texas* or directed any actions to the State of Texas in commission of the

---

[32] *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 886 (Tex. 2017).
[33] *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 9, (Tex. 2021) (internal citation omitted).
[34] *Id.*
[35] *Id.* (quoting Intl Shoe, 326 U.S. at 319.)
[36] *See Old Rep. Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 561 (Tex. 2018).
[37] Pl.'s Orig. Pet., ¶¶ 5, 6.

alleged fraud. The conclusory statement is therefore insufficient to substantiate the exercise of personal jurisdiction and should be given no weight.

### ii.    The Membership Contract Cannot be Performed in Texas

24.    Plaintiff next claims Westmoor Club's alleged breach of a contract with Plaintiff is the basis for personal jurisdiction. It is important to distinguish this membership contract from, for instance, a contract for purchase and delivery of goods. In such a case, performance necessarily would traverse state lines as goods would be shipped in exchange for money paid. This membership contract, by contrast, is for club services and other amenities only accessible in Nantucket, Massachusetts. Performance, therefore, is fixed to a single locale – Nantucket, Massachusetts.

25.    Moreover, Plaintiff did not plead the contract was entered into in Texas. Plaintiff admits her parents traveled to Nantucket to tour the club and agreed to enter into the membership contract while there.[38] Whether Plaintiff's parents paid their dues while in Massachusetts or by mailing a check from Texas is irrelevant to this analysis. The unilateral action of Plaintiff's parents cannot form the basis of personal jurisdiction.

26.    Plaintiff notes, finally, that "[e]ach month Defendant Westmoor sent its dues/fees bill to [Plaintiff's] Dallas, Texas address, and each month [Plaintiff] paid Westmoor's bill."[39] This also is not enough to establish that Westmoor Club has sufficient minimum contacts with Texas. The act of invoicing and payment is the sort of administrative task which does not create the basis for personal jurisdiction as it is peripheral to true performance of the contract. The mailing of

---

[38] *Id.* ¶ 17.
[39] *Id.* ¶ 30.

checks "is hardly significant in establishing personal jurisdiction."[40]   "The combinations of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant."[41]

### iii.    A Single Telephone Call Placed in 2004 to Plaintiff's Parents is Inadequate

27.    Plaintiff claims Westmoor Club engaged in marketing efforts in Texas. **The basis of that statement is an alleged <u>single</u> telephone call that occurred Nineteen years ago between Westmoor Club and Plaintiff's parents (it should be noted that the alleged call was with Plaintiff's parents, not the Plaintiff herself).** The phone call is too attenuated to substantiate specific personal jurisdiction.

28.    If a foreign defendant's contacts with the forum state are "random, fortuitous, or attenuated," then the exercise of personal jurisdiction is not proper.[42]   For example, the mere fortuity that a resident happens to reside in a state does not subject a defendant to specific jurisdiction.[43] The facts alleged must demonstrate that the defendant <u>intended</u> to serve the Texas market – that it intentionally sought some benefit from the forum state.[44]

29.    "Merely contacting or contracting with a resident of a forum state is insufficient to subject a defendant to specific jurisdiction in that state."[45] Accordingly, "the exchange of

---

[40] *KWCO, PC v. MedBridge Dev. Co., LLC*, 2018 WL 3326838, at *2 (W.D. Tex. Apr. 9, 2018, no pet.) (citing *C & H Transp. Co., Inc. v. Jensen and Reynolds Const. Co.*, 719 F.2d 1267, 1269 (the "sending by mail of a $30,000 check to C&H in Dallas" was not enough to establish personal jurisdiction) (5th Cir. 1983)).
[41] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004).
[42] *Am. Type Culture Collection v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).
[43] *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 787 (Tex. 2005).
[44] *Moki Mac River Expeditions*, 221 S.W.3d at 577.
[45] *Turner v. Harvard MedTech of Nevada*, LLC, 2022 WL 3786842, at *4 (W.D. Tex. Aug, 8, 2022) (emphasis added).

communications between parties carrying out a contract is in itself insufficient to establish personal jurisdiction.[46]

30.     Plaintiff alleges Westmoor Club had a marketing scheme targeting Texas residents. Yet, the only marketing activity Plaintiff pleaded was a nineteen-year old single telephone call placed to Plaintiff parents, not plaintiff herself.[47] Notably, Plaintiff pleads her parents actually declined to purchase a membership on that call. Thus, even if the call occurred, the call itself was not the genesis of their business relationship and therefore lacks the causal connection to her claims required for specific personal jurisdiction. Plaintiff's family traveled to Massachusetts to tour Westmoor Club and only then did her parents agree to enter into the contract *while in Massachusetts*. There is no allegation Westmoor Club representatives ever traveled to Texas to meet with Plaintiff's parents.

31.     Also notable, is that Westmoor Club did not place this call to Texas as part of a scheme trying to find just any Texas resident to market it services to. In fact, no such marketing scheme existed. As Plaintiff admits, her family had a tradition of spending summers in Nantucket for "decades."[48]  Plaintiff's parents, in her words, were "prominent" members of the Nantucket community.[49] Westmoor Club placed the call with the intention of speaking with known, prominent members of their Nantucket community.[50]  The Westmoor Club contacted Plaintiff's parents *only* because the Horchow family were known Nantucket residents who, for decades, spent three to four months out of each year living in Nantucket, Massachusetts.[51] Again, even if this one call occurred, it was not part of any Westmoor Club grand Texas marketing plan.

---

[46] *KWCO, PC*, 2018 WL 3326838, at *2 (citing *Holt Oil & Gas Corp. v. Harvey*,  801 F.2d 773, 778 (5th Cir. 1986).
[47] Pl.'s Orig. Pet. ¶ 12.
[48] *Id.* ¶ 11.
[49] *Id.* ¶ 10.
[50] *Id.*
[51] *Id.*; *see also* Ex. A, L. Cowden Decl. ¶ 9.

32.     The timing of the alleged call is also noteworthy. Plaintiff pleaded Westmoor Club placed the lone phone call in the <u>summer</u> of 2004. According to Plaintiff, "Nantucket in the summer was a Horchow family tradition for decades before…1999."[52] Indeed, a Westmoor Club representative communicating via telephone once during the summer with an individual known to spend "decades" of summers in Nantucket, Massachusetts, but who fortuitously happens to be in Texas when they receive the call, cannot be the sort of *purposeful* availment contemplated by personal jurisdiction jurisprudence. It surely would offend traditional notions of fair play and substantial justice that Westmoor Club should expect to be haled into court in Texas as a consequence of one call received in Texas by a member of its small Massachusetts community. The facts pleaded regarding a single, nearly two-decades' old, phone call does not support a finding of personal jurisdiction as to Westmoor Club.

33.     In sum, Westmoor Club does not have the minimum contacts with Texas required for the Court to exercise personal jurisdiction, either specific or general. Westmoor Club did not purposefully avail itself of the privilege of conducting business activities in Texas and Plaintiff's claims against Westmoor Club do not arise out of or relate to any purposeful and meaningful contact with Texas.

## IV.    REQUESTED RELIEF

Defendant Westmoor Club respectfully requests this Court sustain its Special Appearance, dismiss it as a defendant in this case, and award it other and further relief, both general and special, at law and in equity, to which Westmoor Club may show itself justly entitled.

---

[52] Pl.'s Orig. Pet. ¶ 11.

Date:  December 14, 2023

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Ross Parker*
Ross Parker
State Bar No. 24007804
Email: rparker@munsch.com
Dennis Siaw-Lattey
State Bar No. 24083846
Email: dsiawlattey@munsch.com

MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Tel: (214) 855-7500
Fax: (214) 855-7584

**ATTORNEYS FOR THE WESTMOOR CLUB, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 14th day of December 2023, a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Ross Parker*
Ross Parker

# EXHIBIT A

CAUSE NO. DC-23-13481



| REGEN HORCHOW, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| THE WESTMOOR CLUB, LLC, and JEFFREY FEARON, | § | |
| *Defendants.* | § | 134TH JUDICIAL DISTRICT |

## DECLARATION OF LAURIE COWDEN IN SUPPORT OF DEFENDANT WESTMOOR CLUB, LLC'S SPECIAL APPEARANCE

1.  My name is Laurie Cowden. My date of birth is March 10, 1964, and my office address is 10 Westmoor Lane, Nantucket, MA 02554. I am over the age of twenty-one, of sound mind and capable of making this Declaration. I have personal knowledge that the facts stated below are true and correct.

2.  I am the Chief Financial Officer of Westmoor Club, and I am duly authorized to act on behalf of Westmoor Club to execute this Declaration in support of its Special Appearance.

3.  Westmoor Club is a Massachusetts company formed under the laws of the State of Massachusetts, with its headquarters and principal place of business in Nantucket, Massachusetts. Westmoor Club is not a resident of the State of Texas.

4.  Westmoor Club is a private, membership-only club located only on Nantucket Island catering to families with children, offering swimming pools, tennis courts, a restaurant, and a plethora of other amenities attractive to families.

5.  Westmoor Club directs, controls, and coordinates its corporate activities from Massachusetts. None of Westmoor Club's officers or directors reside in Texas. Indeed, Westmoor Club's offices and employees are located in Massachusetts, and Westmoor Club's corporate activities and decision-making are coordinated and controlled in Massachusetts.

6.      Westmoor Club does not have a mailing address, office, or employees residing in the State of Texas.

7.      Westmoor Club has not been a party to any litigation or governmental enforcement proceeding in the State of Texas. Westmoor Club has never submitted to jurisdiction in Texas.

8.      Westmoor Club does not conduct business in the State of Texas nor does it specifically target Texas residents for memberships.

9.      Westmoor Club's learned of the Horchow family due to their time spent in Nantucket.

10.     No Westmoor Club employee has traveled to Texas on behalf of Westmoor Club for business-related travel related to the Horchow family membership.

11.     I have reviewed Westmoor Club's Special Appearance and confirm the facts stated therein are true and correct.

12.     I declare under penalty of perjury that the foregoing in true and correct.

Executed in Nantucket, Massachusetts, on December 1, 2023.

Laurie Cowden